In the Matter of EDWARD J. HART, Appellant, v. HARRY I. BRONSTEIN, as Personnel Director of the Department of Personnel of the City of New York, et al., Respondents. In the Matter of EDWARD J. HART, Appellant, v. JEROME KRETCHMER, as Administrator of the Environmental Protection Administration of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered on September 7, 1973, affirming the determination of the Civil Service Commission and dismissing the petition, unanimously reversed, on the law, without costs and without disbursements, and the proceeding remanded to the commission for findings of fact. Appeal from order (erroneously denominated as a judgment), Supreme Court, New York County, entered December 20, 1972, unanimously dismissed, without costs and without disbursements. There were two separate appeals taken. One was from the intermediate disposition of Justice Dollinger and the other from the final judgment of Justice Evans. Entry of the final judgment in this proceeding resulted in the merging of the intermediate disposition with the final judgment. That intermediate disposition is subject to review on the appeal from the final judgment, as it affects that final judgment (CPLR 5501, subd. [a], par. 1; 10 Carmody-Wait, 2d, New York Practice, § 70:15, p. 286). Hence, the separate appeal from the order entered December 20, 1972 will be dismissed and the order will be reviewed on the appeal from the final judgment (cf. *Matter of New York Life Ins. Co.* v. *Galvin*, 41 A D 2d 83, 86). Petitioner was an employee of the Environmental Protection Administration. He submitted his resignation while charges of malfeasance were pending against him. Subsequent to his resignation, he became a probationary employee of the New York City Board of Education but was unable to become permanently tenured because of his previous resignation. Petitioner sought to be certified as eligible for the position with the Board of Education. In addition thereto, he sought alternative relief before the Department of Air Resources, as well as the Commissioner of Investigation, to withdraw his resignation from the

Environmental Protection Administration and to stand trial on the original charges against him. This alternative relief was denied. Petitioner ultimately was afforded a hearing before the Civil Service Commission with regard to his being named as an eligible for the position with the Board of Education. This hearing was held before a single commissioner who determined that petitioner could not qualify as an eligible for tenure. Petitioner appealed this determination by instituting an article 78 proceeding, which was returnable before Justice Dollinger. Justice Dollinger found that the determination of the commission denying certification of petitioner was correct. He found that the mere resignation of petitioner after charges of misconduct were filed against him justified his disqualification from further certification. However, he remanded the proceeding to the commission for hearing before a proper quorum. Upon remand, a quorum of the commission determined that the petitioner was not entitled to be named as an eligible and should remain disqualified " for all of the reasons set forth in the opinion of Mr. Justice Dollinger." Petitioner then instituted a second article 78 proceeding seeking to annul this second determination of the commission. Judge Evans denied this second application and dismissed the petition. The basic holding in the first proceeding, which was adopted by the Civil Service Commission as well as Special Term in the second proceeding, was that section 50 of the Civil Service Law did not mandate a hearing to be held on an application for certification by one who had resigned while charges were pending against him. We disagree. Petitioner is entitled to a hearing at which he can present his explanations and opposition to a finding of disqualification (*Matter of Adler* v. *Lang*, 21 A D 2d 107). He is also entitled to a disposition by the commission which includes specific findings outlining the reasons for his ineligibility (Civil Service Law, § 50, subd. 4). We find that at the hearing of January 10, 1972, the petitioner was afforded an opportunity to render a full explanation of his activities leading ultimately to his resignation. However, the commission did not render any findings of fact based on the evidence adduced. While we may ultimately find no fault with the conclusions of the commission, i.e., that petitioner is ineligible for certification, absent findings of fact we cannot ascertain the rationale for the denial of petitioner's application (cf. *Matter of Adler* v. *Lang, supra*, p. 109). We accordingly are remanding this proceeding to the commission for an enunciation of the express findings forming the basis of the decision rendered. Concur — Steuer, J. P., Tilzer, Capozzoli, Lane and Macken, JJ.