Abraham J. Gellinoff, J.
In this action, plaintiffs, eleemosynary institutions which own housing accommodations, seek a judgment declaring those accommodations exempt from the provisions of the Rent Stabilization Law (Local Laws, 1969, No. 16 of City of New York), and not subject to any control or regulation. In a second cause of action, plaintiffs claim that if the accommodations are determined to be subject to rent stabilization, then the Rent Stabilization Law is unconstitutional as depriving plaintiffs of an adequate return. In the motions now before the court, plaintiffs seek summary judgment on their first cause of action, and defendants, the Conciliation and Appeals Board and the Housing and Development Administration, seek summary judgment dismissing the complaint.
Plaintiffs rely upon section 2(g)(6) of the Code of the Rent Stabilization Association, which code was adopted pursuant to powers granted the association by the Rent Stabilization Law. Section 2(g)(6) was adopted as an amendment to the code, purportedly "in accordance with the provisions of Chapter 576 of the Laws of 1974 of the State of New York.” Section 2(g)(6) provides that: "Notwithstanding the foregoing definition of 'dwelling units’, this Code shall not apply to the following: * * * Dwelling units owned or operated by a hospital, convent, monastery, asylum, public institution, or college or school dormitory or any institution operated exclusively for charitable or educational purposes on a non-profit basis.”
*1062 Undisputably, on its face, section 2(g)(6) exempts the subject accommodations from the code, and thus from rent stabilization. The court concludes, however, that the code provision is not "in accordance” with chapter 576 of the Laws of 1974, and is therefore void and unenforceable (see, Matter of Klein v Conciliation and Appeals Bd., 64 Misc 2d 329, 331-332).
Chapter 576 was designed to limit vacancy decontrol, and to enact the Emergency Tenant Protection Act of 1974. The Vacancy Decontrol Law (L 1971, ch 371) had provided that rent regulation of a housing accommodation terminates when the accommodation first becomes vacant after the effective date of the law. The first three sections of chapter 576 amended the Vacancy Decontrol Law by providing that, notwithstanding the vacancy of a regulated housing accommodation: "housing accommodations as to which a housing emergency has been declared pursuant to the emergency tenant protection act of nineteen seventy-four shall be subject to the provisions of such act for the duration of such emergency.”
Section 4 of chapter 576 enacts the above-mentioned Emergency Tenant Protection Act, which provides that: "The existence of public emergency requiring the regulation of residential rents for all or any class or classes of housing accommodations * * * shall be a matter for local determination within each city, town or village” (Emergency Tenant Protection Act, § 3, subd a).
However, this authority to declare an emergency, and regulate rents, is not unlimited. Subdivision a of section 3 must be read in light of section 5 (subd a, par [6]) of the same act which provides that: "A declaration of emergency may be made pursuant to section three as to all or any class or classes of housing accommodations in a municipality, except: * * * housing accommodations owned or operated by a hospital, convent, monastery, asylum, public institution, or college or school dormitory or any institution operated exclusively for charitable or educational purposes on a non-profit basis.”
Therefore, the subject accommodations may not be regulated pursuant to a declaration of emergency under the Emergency Tenant Protection Act. And, the proviso appended to the Vacancy Decontrol Law by the first three sections of chapter 576, eliminating vacancy decontrol for housing accommodations "as to which a housing emergency has been declared,” is not applicable to these accommodations. Accordingly, the regulation or release from regulation of these *1063 accommodations is unaffected by chapter 576. That does not mean, however, as the code purports to provide, that these accommodations are no longer subject to rent stabilization. They remain subject to the Rent Stabilization Law; but chapter 576 does not affect their destabilization in the future.
The constitutionality of the Rent Stabilization Law — challenged by plaintiffs’ second cause of action — has already been passed upon by this court, and the conclusion that the law is valid has been upheld on appeal (8200 Realty Corp. v Lindsay, 27 NY2d 124). Essentially, plaintiffs appear to assert that the rent levels fixed by defendants are insufficient to provide an adequate return. However, as defendants correctly urge, plaintiffs have failed to exhaust their administrative remedies with respect to such claim.
Accordingly, plaintiffs’ motion for summary judgment on their first cause of action is denied, and defendants’ motion for summary judgment is granted to the extent of granting a declaratory judgment as above stated.