■ In the Matter of CORNERSTONE BAPTIST CHURCH, Appellant, v RENT STABLIZATION ASSOCIATION et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent conciliation and appeals board, dated December 12, 1974, which directed petitioner to "roll back" the rent for the subject apartment to the stabilized amount, the appeal is from a judgment of the Supreme Court, Kings County, dated December 5, 1975 which denied the application and dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner claims that it is exempt from the Rent Stabilization Law by virtue of the Emergency Tenant Protection Act of 1974 (EPTA) (L 1974, ch 576, § 4). That claim is based on petitioner's status as a nonprofit eleemosynary organization. The relevant portion of the 1974 act states that the following class of housing accommodations shall be exempt from that law: "housing accommodations owned or operated by a hospital, convent, monastery, asylum, public institution or college or school dormitory or any institution operated exclusively for charitable or educational purposes on a non-profit basis" (L 1974, ch 576, § 4 [ETPA, § 5, subd a, par (6)]). Clearly, the petitioner fits into this category and, thus, any housing accommodation owned or operated by it would be exempt from the ETPA. The language of the foregoing passage is clear in that there is no requirement that the housing accommodations themselves be operated on a nonprofit basis. Further evidence of this finding is another portion of the law, which exempts any housing accommodation, no matter by whom it is owned, which is operated for charitable purposes on a nonprofit basis (L 1974, ch 576, § 4 [ETPA, § 5, subd a, par (10)]). However, the Rent Stabilization Law of 1969, as amended by the ETPA, continued

within its coverage residential housing accommodations located in buildings owned or operated by a charitable institution where the apartments are not operated on a nonprofit charitable basis. What the ETPA did, *inter alia,* was to place under the Rent Stabilization Law apartments which had been vacancy decontrolled or which were not previously controlled by reason of having been completed subsequent to March 10, 1969 (see *Perth Realty Co. v Dovoll,* 79 Misc 2d 514). The ETPA merely adds classes of accommodations to the coverage of the Rent Stabilization Law. It in no way exempts any accommodations which were previously subject to that law. The exemption provided for in section 5 (subd a, par [6]) of the ETPA only relates to previously uncontrolled or vacancy decontrolled housing accommodations owned or operated by a charitable institution. Such apartments are exempt from the ETPA, i.e., they were not added to the coverage of the Rent Stabilization Law and retain their uncontrolled status. Since petitioner is not exempt from the Rent Stabilization Law, its claim of error in the determination under review is without merit (cf. *Cornell Univ. v New York City Conciliation Appeals Bd.,* 55 AD2d 587). Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.