*1075 OPINION OF THE COURT

Per Curiam.

Final judgment entered June 17, 1981 modified by reversing so much thereof as implicitly dismissed petitioner’s claim for attorney’s fees, and by severing that claim and remanding it to the Civil Court for a hearing to determine the reasonable value of legal services rendered to the petitioner; as modified, final judgment affirmed, with $25 costs to the petitioner.
Appeal from order entered March 17, 1981 (Whitman, J.) dismissed, without costs. That order is reviewed on the appeal from the final judgment (CPLR 5501, subd [a], par 1; Matter of Hart v Bronstein, 43 AD2d 936).
Petitioner, the Museum of Modern Art, seeks possession of tenant appellant’s stabilized apartment for use as office space. Appellant originally entered into possession as the decontrolled tenant of the predecessor landlord. By virtue of the passage of the Emergency Tenant Protection Act of 1974 (ETPA; L 1974, ch 576, § 4) and the declaration by the City Council of the existence of a public emergency in New York City requiring the regulation of residential rents, tenant’s apartment became subject to the Rent Stabilization Law of 1969 (Administrative Code of City of New York, § YY51-1.0 et seq.), as amended. Thereafter, leases were negotiated between tenant and the former owner at the appropriate stabilization percentage increases. Petitioner purchased the building in September, 1978 during the term of the last lease extension, and refused to tender a renewal lease upon the expiration of that term. This holdover proceeding is premised upon a provision of the ETPA which exempts from its coverage the following class of housing accommodations: “housing accommodations owned or operated by a hospital, convent, monastery, asylum, public institution, or college or school dormitory or any institution operated exclusively for charitable or educational purposes on a nonprofit basis” (ETPA, § 5, subd a, par [6]; emphasis added). It is not disputed that the museum is an educational institution chartered by the New York State Department of Education operating on a nonprofit basis. Tenant resists the petition on the theory that the exemption has no application where, as here, the *1076 nonprofit entity acquires the property subsequent to the effective date of the ETPA. No such limitation appears in the statute’s language and we cannot supply such an omission, if omission there was, by construction. A statute is to be read and given effect as written and the courts under guise of interpretation may not change the scope of a legislative enactment (Weinberg v D-M Rest. Corp., 53 NY2d 499, 508). We see no basis in the wording of the exemption for a distinction to be drawn between qualifying institutions in possession as of May 29, 1974 and institutions which were purchased subsequent to that date. Such a construction would severely limit the Legislature’s apparent intention to except housing accommodations owned or operated by these institutions from the declaration of emergency otherwise applicable to most other classes of housing accommodations.
Matter of Cornerstone Baptist Church v Rent Stabilization Assn. (55 AD2d 952), relied upon by the tenant, is not to the contrary. In that case, the tenant had been rent stabilized prior to the enactment of the ETPA, and it was held that neither the ETPA nor the exemptions contained therein were relevant to premises already subject to the Rent Stabilization Law. These premises, however, were vacancy decontrolled at the time of the enactment of the ETPA; were it not for that act, they would remain decontrolled. It is inconsistent to claim the benefits of protection under one section of the ETPA and, at the same time, deny the existence of exemptions afforded to others under another section of that same act. Thus, any declaration of emergency pursuant to which tenant has enjoyed stabilized status is not effective for that period during which the accommodations are not subject to regulation by reason of their ownership by a qualifying institution.
Tenant’s lease and extensions thereof contained a standard provision obligating him for such attorney’s fees as landlord “may incur” in connection with a dispossess by summary proceeding. We treat that provision as having been carried forward as a condition of the month-to-month tenancy (see 1 Rasch, New York Landlord and Tenant [2d ed], §§274, 289), and have directed a hearing so that *1077 petitioner will have the opportunity to establish the reasonable value of legal services rendered.
Concur: Hughes, J. P., Riccobono and Asch, JJ.