OPINION OF THE COURT
Norman C. Ryp, J.
Motions Nos. 2 and 67 are consolidated for disposition herein.
A. ISSUES
Whether nonprofit charitable or educational ownership, per se, or the dates of such ownership and tenancy determine ETPA exemption? An issue of first impression under the Omnibus Housing Act of 1983 (L 1983, ch 403) in this court.
Whether a nonprofit education institutional post-ETPA owner can deny a second renewal lease to a pre-ETPA tenant whose occupancy began under the 1971 Vacancy Decontrol Law (L 1971, ch 372).
*125 B. FACTS AND PROCEDURAL HISTORY
Petitioner, the Browning School, in this CPLR article 78 proceeding seeks to vacate the determination of respondent, the New York City Conciliation and Appeals Board (CAB), dated June 3, 1982 (order & opn No. 20-693). Subject determination held that apartment No. 7E at premises No. 40 East 62nd Street, New York, New York, is subject to the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq. [RSL]), through the Emergency Tenant Protection Act (L 1974, ch 576, §4 [ETPA]) and directs petitioner to offer tenant, Jonathan Leader (Leader), a renewal lease thereunder.
Tenant Leader moves for an order, pursuant to CPLR 1012 (subd [a], pars 2, 3) and 1013, permitting him to intervene as a party respondent.
Petitioner, a tax-exempt nonprofit educational institution, is the owner of premises No. 40 East 62nd Street since June 30,1978. Apartment No. 7E became vacant on March 15, 1973 and was rented to Jonathan Leader on April 15, 1973 by the former owner under the 1971 Vacancy Decontrol Law (L 1971, ch 1372, eff June 1, 1971). Leader remained in occupancy pursuant to a series of renewal leases the last of which expired on April 30,1982. Leader is at present a month-to-month tenant.
On April 30, 1982 Leader filed a complaint with CAB alleging he was wrongfully denied a renewal lease. Petitioner herein seeks to nullify the subsequent CAB determination, dated June 2, 1982, that subject apartment is rent stabilized and tenant Leader entitled to a renewal lease.
c. parties’ contentions
Petitioner contends apartment No. 7E was not subject to the RSL on April 15, 1973; apartment was not subject to rent stabilization at the time of the enactment of the ETPA of 1974 and, thus, is exempt from controlled status; section 5 (subd a, par [6]) of the ETPA specifically excludes subject housing from its coverage; CAB determination is contrary to law, arbitrary and capricious; petitioner objects to Leader’s intervention.
Respondent CAB contends its determination is supported by a rational basis and should be upheld; ETPA *126 exemptions do not divest Leader of his protection under the RSL; rent stabilization is in effect as long as Leader remains the tenant in occupancy; apartment No. 7E became subject to the RSL on July 1, 1974; Leader has continuously resided in subject apartment since 1973; CAB consents to Leader’s intervention.
Tenant Leader contends he should be permitted to intervene because his right to continued occupation of subject premises is being adjudicated; holdover summary proceedings (L & T 56967/82) against him have been stayed pursuant to the order of Honorable Thomas V. Sinclair, Jr., dated June 25,1982, pending determination of subject CPLR article 78 proceeding; protection of his interests requires intervention under CPLR 1012 (subd [a], pars 2, 3) and 1013.
D. APPLICABLE LAW
1. Pre-1983 Omnibus Housing Act.
Section 5 (subd a, par [6]) of the ETPA in pertinent part, exempts all housing accommodations owned by any institution operated exclusively for educational purposes or a nonprofit basis from its tenant-protection provisions. The parties agree petitioner is a nonprofit educational institution as inclusively defined by subject provisions, as distinct from a religious institution excluded therefrom (Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340).
It is the nature of the owner (nonprofit or educational institution) and the date of first rental (between 1971 and 1974), not the date of ownership that, according to the appellate courts, determines that applicability of section 5 (subd a, par [6]) of the ETPA (Slaven v Syracuse Univ., 92 AD2d 462, mot for lv to app den 59 NY2d 602, mot for stay dsmd 59 NY2d 762; cf. Cornell Univ. v New York City Conciliation & Appeals Bd., 87 Misc 2d 1060, affd 55 AD2d 587). In Museum of Modern Art v Kirk (111 Misc 2d 1074 [App Term, 1st Dept]), cited in support by Slaven v Syracuse Univ. (supra), wherein the identical issue, arising from the same fact pattern, was raised, the court ruled that whenever a building is acquired by a qualifying institution as defined by section 5 (subd a, par [6]) of the ETPA, said exemption is applicable. Acquisition of the premises after *127 enactment of the ETPA does not render said exemption invalid.
The court notes this case is distinguishable from Cornell Univ. v New York Conciliation & Appeals Bd. (supra), and Matter of Cornerstone Baptist Church v Rent Stabilization Assn. (55 AD2d 952) wherein the premises were initially rented, subject to rent stabilization prior to passage of ETPA. The RSL contained a provision by which residential housing operated by a charity on a for-profit basis shall not apply to the RSL but none such would be exempt from the ETPA. Section 5 (subd a, par [6]) of the ETPA, as noted above, does not contain such a provision. Since subject apartment No. 7E was not rent stabilized prior to the ETPA, the holdings of Cornell Univ. v New York City Conciliation & Appeals Bd. (supra) and Matter of Cornerstone Baptist Church v Rent Stabilization Assn. (supra) are inapplicable herein and this court would have been constrained, at the return date of subject motions, to follow the ruling in Slaven v Syracuse Univ. (supra) including its citation of Museum of Modern Art v Kirk (supra), with any relief therefrom to be afforded by future appellate courts or the Legislature.
2. Post-1983 Omnibus Housing Act.
It appears that since the return date of subject motions the New York State Legislature enacted the Omnibus Housing Act of 1983 which included amendments to both the Rent Stabilization Law and the Emergency Tenant Protection Act (L 1983, ch 403, eff June 30, 1983 and retroactively provided in L 1983, ch 403, § 50, amdg Administrative Code, § YY51-6.0, subd c, par [9], cl [c], subcl [i]). This court interprets its plain meaning (Eaton v New York City Conciliation & Appeals Bd., supra) to be that a landlord shall not refuse to renew a lease where the tenant’s initial tenancy commenced prior to July 1, 1978 and after the charitable or educational institutional nonprofit owner acquired the property and did not immediately notify tenant at execution of its initial written lease that the tenancy was subject to nonrenewal. The plain meaning of the above-cited provisions of the newly enacted 1983 amendment to the ETPA of 1974 clearly apply to respondent-intervenor tenant herein. Moreover, said above-cited *128 provisions of the Omnibus Housing Act of 1983 appear to overrule application of Slaven v Syracuse Univ. (supra), to the instant facts. Moreover, a careful factual analysis of the Museum of Modern Art v Kirk (supra), wherein petitioner Museum of Modern Art immediately refused to tender a renewal lease, as distinguished from petitioner Browning School herein which apparently gave tenant an initial three-year renewal lease (1979-1982), is consistent with newly enacted 1983 ETPA above-cited provisions. Most recently the Appellate Term, First Department, without reference to its 1981 decision in Museum of Modern Art v Kirk (supra), in a proceeding pursuant to section 5 (subd a, par [6]) of the ETPA, applied section 50 of the recently enacted Omnibus Housing Act of 1983 to uphold an ETPA tenant’s right to a renewal lease from a subsequent nonprofit hospital institutional landlord. (See Grade Sq. Hosp. v Miller, NYLJ, Oct. 3, 1983, p 7, col 3.)
E. CONCLUSION
Accordingly, Leader’s motion for leave to intervene pursuant to CPLR 1012 (subd [a], pars 2, 3) and 1013 is granted and his proposed answer is deemed served nunc pro tunc. The petition is dismissed and respondent CAB’s determination order and opinion No. 20-693, dated June 3, 1982 is affirmed and petitioner directed to offer respondent-intervenor tenant a renewal lease under the ETPA, as amended in 1983.