OPINION OF THE COURT
David B. Saxe, J.
The issue that I must resolve in this case involving the respondent tenant’s motion to dismiss the petition here is whether the notice provisions contained in sections 50 and 52 of the Omnibus Housing Act of 1983 (OHA) (L 1983, ch 403; Rent Stabilization Law [Administrative Code of City of New York], § YY51-6.0.4) apply to the respondent’s tenancy.
Petitioner contends that the proceeding is governed by the Emergency Tenant Protection Act (ETPA; L 1974, ch 576, § 4) which generally exempts eleemosynary institutions from rent regulation (ETPA, § 5, subd a, par [6], as amd by OHA, § 55). The respondent argues that such exemption is “irrelevant” because, he contends, eleemosynary institutions are still governed by the provisions of the Rent Stabilization Law (RSL) or, in the opinion of one court, “these provisions would be completely pointless if affiliated tenants of educational institutions were exempt from the Rent Stabilization Laws” (Trustees of Columbia Univ. v Cooley, L&T No. 76659/83).
The interrelationship between the Local Emergency Housing Rent Control Act (L 1962, ch 21, § 1, as amd) pursuant to which *320 the local Rent Stabilization Law was enacted (Local Laws, 1969, No. 16 of City of New York) and the Emergency Tenant Protection Act has been a source of considerable confusion. The 1962 legislation granted to cities “having a population of one million or more” (e.g., New York City) the power to locally administer rents (Local Emergency Housing Rent Control Act, § 3). The 1974 legislation grants the authority to any “city, town or village” to declare a housing emergency (ETPA, § 3) and establish a local rent guidelines board (ETPA, § 4). In New York City, the Rent Guidelines Board, created pursuant to the RSL, is expressly continued (ETPA, § 4, subd c), as are the regulations promulgated under the RSL (ETPA, § 10, subd b), viz., the Code of the Rent Stabilization Association of New York City, Inc. (RSL, § YY51-6.0, subd b). The 1974 amendment to the RSL provides that it shall apply to “other housing accommodations * * * made subject to this law pursuant to the emergency tenant protection act of nineteen seventy-four” (RSL, § YY51-3.0, subd b).
The problem with the statutory scheme, well illustrated by this case, is that provisions of the ETPA. often stand in direct contradiction to those of the RSL. However, this problem is not new, and the courts quickly construed the statutory intention “to eliminat[e] vacancy decontrol in certain municipalities” (L 1974, ch 576, preamble) as limiting the application of the ETPA to “all housing units presently vacancy decontrolled and * * * to become vacancy decontrolled” (Perth Realty Co. v Dovoll, 79 Misc 2d 514, 515). This construction was specifically applied to eleemosynary institutions in Matter of Cornerstone Baptist Church v Rent Stabilization Assn. (55 AD2d 952) and, more recently, in Slaven v Syracuse Univ. (92 AD2d 462, mot for lv to opp den 59 NY2d 602).
While the court in Slaven limited the application of the ETPA eleemosynary institution exemption “only to-those [units] which were vacancy decontrolled between 1971 and 1974” (92 AD2d 462, 463, supra), the provision of section 41 of the OHA modifying the RSL makes it clear that any vacancy occurring on or after June 30,1971 subjects the premises to the operation of the ETPA and its statutory exemptions (RSL, § YY51-3.0, subd a, par [1], cl [g]). In language which demonstrates just how awkward the statutory scheme has become, this amendment goes on to provide that “any housing accommodations exempted by this paragraph (g) shall be subject to this law to the extent provided in subdivision b of this section”. Subdivision b, in turn, states that the RSL shall apply to “b. other housing accommodations in class A or class B multiple dwellings made subject to *321 this law pursuant to the emergency tenant protection act of nineteen seventy-four.” (RSL, § YY51-3.0, subd b.)
Turning to the facts at bar and proceeding carefully through the statutory thicket, this court notes that respondent’s tenancy commenced in 1983. Therefore, the exemption from the RSL contained in section YY51-3.0 (subd a, par [1], cl [g]) applies, and the premises are subject to the RSL, if at all, in accordance with subdivision b of section YY 51-3.0, viz., in accordance with the ETPA. Since the ETPA exempts, inter alla, “housing accommodations owned or operated by a * * * college” (ETPA, § 5, subd а, par [6]) it is clear that petitioner is not subject to the RSL. Therefore, petitioner was not required to give respondent notice of its intention not to renew the lease pursuant to section YY51-б. 0.4 of the Rent Stabilization Law.
Accordingly, respondent’s motion is denied.