OPINION OF THE COURT
Lewis R. Friedman, J.
This case involves an interpretation of the various rent stabilization statutes and the exemptions to them. The premises were originally separate buildings constructed prior to 1969 and, apparently, each contained six or more residential units. Petitioner acquired title in 1983, at a time when, its counsel asserts, the buildings were totally vacant. An application for an alteration was filed in October 1982; after construction was completed, a new certificate of occupancy for a single building was issued on June 2, 1984. Respondents are tenants who first leased the premises on February 4, 1985; as last extended the lease expired January 31, 1987. Petitioner, claiming that the premises are not subject to any rent regulation, shortly thereafter commenced the instant holdover proceeding. Respondents have filed a proceeding with the New York State Division of Housing and Community Renewal (DHCR) seeking a renewal lease. Petitioner moves for summary judgment while respondents seek a stay of the proceeding pending a determination of their DHCR proceeding.
The primary issue presented by petitioner is its assertion that it has "substantially rehabilitated” the premises. Although several cases have interpreted the provisions of the regulatory statutes, the interrelationship of their exemption provisions has led to confusion.
The current New York City rent stabilization structure was established in New York City by the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of New York § YY51-1.0 et seq., Local Laws, 1969, No. 16 of City of New York) which, with limited exceptions, applied to all buildings containing more than six units built after 1947. Pre-1947 construction was, at that time, subject to the New York City Rent and Rehabilitation Law (Administrative Code § Y51-1.0 et seq.) with occasional decontrol declarations. (RSL also "stabilized” certain units which had been "decontrolled”.) "Vacancy decontrol” was enacted in 1971 (L 1971, ch 371) so that units which thereafter became vacant were removed from rent regulation. In 1974 the Legislature enacted the Emergency *1137 Tenant Protection Act (ETPA) (L 1974, ch 576, § 4). ETPA, as implemented by the New York City Council’s declaration of emergency (Resolution No. 269), granted stabilization coverage to those units which had not previously been subject to RSL or rent control, such as those built after 1969, or which had been removed from their coverage, such as by vacancy decontrol. (See, Perth Realty Co. v Dovoll, 79 Misc 2d 514, 516-517; Matter of Romanow v Heller, 121 Misc 2d 886, 889, n 6.)*
Petitioner claims that since ETPA § 5 (a) (5) exempts "accommodations in buildings completed or buildings substantially rehabilitated as family units on or after January first, nineteen hundred seventy-four”, its construction work removes the premises from rent stabilization. While the courts have diverged on the precise meaning of the terms, the cases hold that "substantial rehabilitation” after January 1, 1974 will remove a unit from ETPA coverage. (Matter of Romanow v Heller, supra; Nelson v Yates, 127 Misc 2d 234; Goodman v Ramirez, 100 Misc 2d 881; Hickey v Bomark Fabrics, 111 Misc 2d 812, 120 Misc 2d 597.) However, in order to establish that premises are not covered by rent stabilization, the owner must show that they are not covered by RSL and ETPA.
The appellate courts have held that exemption under ETPA § 5 (a) results in the destabilization only of property not covered by RSL. Thus, in Museum of Modern Art v Kirk (111 Misc 2d 1074) the Appellate Term, First Department, found that a premise, which had been "vacancy decontrolled” at the time ETPA was adopted and, therefore, would have been totally decontrolled in the absence of any other statute, was exempt from rent stabilization because the owner qualified under ETPA § 5 (a) (6). That result is consistent with Matter of Cornerstone Baptist Church v Rent Stabilization Assn. (55 AD2d 952), relied on by respondents, where the Second Department refused to apply ETPA § 5 (a) (6) to an apartment which was subject to RSL when ETPA was adopted.
Petitioner argues that Matter of Cornerstone Baptist Church v Rent Stabilization Assn. (supra) is inapplicable because it involves paragraph (6) rather than paragraph (5) of ETPA § 5 (a). Of course, the language of the statute makes no distinction as to the application of any of the paragraphs of section 5 (a). *1138 Respondent also argues that the requirement that the premises at issue be excluded from coverage from both ETPA and RSL is illogical in light of ETPA’s use of a 1974 date. As noted above, ETPA was specifically designed to cover those premises where, after 1969 there was no longer rent control or rent stabilization. Thus, exemption from both is consistent with the comprehensive statutory scheme.
The affidavits of persons with actual knowledge of the facts do not provide sufficient information from which the court can determine whether the building was covered by RSL. The law is clear that a party seeking summary judgment has the burden of establishing its right to relief by admissible proof. (E.g., Alvarez v Prospect Hosp., 68 NY2d 320, 324.) Here, petitioner has not met its burden on the moving papers; the motion for summary judgment is denied.
Respondents seek a stay of this proceeding to await a DHCR determination of their claim of rent stabilization coverage. The court agrees with petitioner that the court is as suitable a forum as DHCR to determine statutory coverage. As the cases cited at page 1137, supra, establish, this court has often resolved coverage claims and made the factual determinations required by the "substantial rehabilitation” exemption to ETPA. In Sped Assocs. v Attarian (NYLJ, Oct. 15, 1986, at 11, col 5) the Appellate Term held that this court need not defer to DHCR on the issue of coverage.
However, the Appellate Term added the caveat that the court should proceed "where there is no indication that the DHCR would expeditiously rule on tenant’s complaint” (supra). Here, there is such an indication. Another tenant had filed a complaint with DHCR and had received a ruling in early 1987 that the building was rent stabilized. For procedural reasons, unrelated to the merits, petitioner’s petition for administrative review (PAR) had, improperly, not been considered by DHCR; that matter has now been remanded by Supreme Court for a proper determination of the PAR which should proceed with reasonable dispatch. Thus, consistent determinations on the question of rent stabilization coverage can rapidly be made by deferring to DHCR.
The motion for a stay is granted conditioned on respondents paying use and occupancy to petitioner, without prejudice, at the rate in the expired lease monthly as it comes due.

 [1] The court notes that contrary to CPLR 5529 (e) petitioner has cited several cases to the unofficial reports only. Since, as should be known to the Bar, only the Official Reports are available in the chambers of the Judges of the courts, the practice should not be followed if counsel seeks to ease the court’s task in reading briefs.