OPINION OF THE COURT
Lewis R. Friedman, J.
In this residential holdover proceeding respondents move to dismiss, contending that the premises are subject to rent regulation; petitioner contends that it is exempt. The court is called upon to determine the applicability of the rent regulatory statutes to tenants who rent apartments after the number of units in a building has been reduced to fewer than six. At the request of respondents, the court notified all counsel that it would treat the motion as one for summary judgment (CPLR 3211 [c]); both parties declined to submit additional affidavits.
The operative facts are not in dispute. In the 1921 certifi *629 cate of occupancy the premises is described as a class A multiple dwelling with residential units on all five floors; the 1933 "Classification Card” shows nine residential units. In 1962 there were 10 units until the owner combined two units for her own use. When that owner sold the building in 1980, there were still nine residential units. Some construction was apparently done to the building thereafter, and in 1983 the certificate of occupancy was amended to show five residential units. Respondents moved into the building after the new certificate of occupancy was issued.
The exemption provisions of the statutes regulating rents have led to confusion; they are an "impenetrable thicket, confusing not only to laymen but to lawyers.” (Matter of 89 Christopher v Joy, 35 NY2d 213, 220.) The question raised here is whether this building of less than six units is exempt.
All pre-1947 construction in New York City was subject to the Rent Control law (Administrative Code of City of New York § 26-401 et seq.) except for occasional decontrol declarations. The current rent stabilization structure was established by the Rent Stabilization Law of 1969 (RSL) (Administrative Code § 26-501 et seq.) which, with limited exceptions, applied to all buildings "containing six or more dwelling units” built after 1947 (Administrative Code § 26-504 [a]). (RSL also "stabilized” certain units which had been "decontrolled”.) "Vacancy decontrol” (L 1971, ch 371) provided that units vacated after its effective date were removed from rent regulation. The Emergency Tenant Protection Act of 1974 (ETPA) (L 1974, ch 576, §4), as implemented by the New York City Council’s declaration of emergency (Resolution No. 269), extended stabilization to those units which had not previously been subject to RSL or rent control, such as those built after 1969, or which had been removed from their coverage, such as by vacancy decontrol. (See, Disenhouse Assocs. v Mazzaferro, 135 Misc 2d 1135, 1136-1137; Perth Realty Co. v Dovoll, 79 Misc 2d 514, 516-517; Matter of Romanow v Heller, 121 Misc 2d 886, 889, n 6.) Since ETPA § 5 (a) (4) (a) excepts "housing accommodations in a building containing fewer than six dwelling units” petitioner claims that the existence of a post-1974 certificate of occupancy means that the premises are not subject to regulation. The cases have not clearly stated the rule for determining how to ascertain whether there are "fewer than six dwelling units”.
Although many cases have construed the statutes at issue, none has dealt with their applicability to tenants who have *630 rented units after a reduction in the number of units. The cases deal primarily with the opposite issue — where the number of units has increased. Thus, the Appellate Division, First Department, has recently resolved a conflict and concluded that the existence of six or more residential units at any time after the passage of ETPA in 1974 is sufficient to make the premises stabilized. (Wilson v One Ten Duane St. Realty Co., 123 AD2d 198, 201; Thomas Loft Tenants Assn. v Lawrence Co., 117 Misc 2d 360, 364; compare, 123 E. 18th St. Corp. v Gisler, 113 Misc 2d 718; 129 E. 56th St. Corp. v Harrison, 122 Misc 2d 799.) In Meyer v Terasaki (117 AD2d 520, revg on dissent below NYLJ, July 22, 1985, at 6, col 1 [App Term, 1st Dept]), the Appellate Division held that the failure to include the sixth unit on the certificate of occupancy did not preclude stabilization from attaching to the premises. The cases have also held that any reduction in the number of units does not deprive the remaining tenants of stabilized status. (McAllister v Winters, NYLJ Mar. 13, 1987, at 12, col 1 [App Term, 1st Dept]; Samit Tobacco Corp. v Fromentin, NYLJ, June 27, 1984, at 6, col 2 [App Term, 1st Dept]; Matter of St. Joan, NYLJ, Sept. 1, 1982, at 6, col 5 [Sup Ct, NY County]; Matter of Frankel, NYLJ, Apr. 2, 1970, at 2, col 3 [Sup Ct, NY County].)
Petitioner relies on Orin Mgt. Corp. v New York City Conciliation & Appeals Bd. (NYLJ, Mar. 7, 1984, at 6, col 1 [Sup Ct, NY County]) for the proposition that a person who rents after a reduction to "fewer than six units” is not subject to stabilization. That case is sui generis; it involved an owner who divided the ownership of a garden apartment complex and wished to sell the individual units. The CAB had ordered, inter alia, that if the separated units became vacant they would be destabilized; the court did not even discuss- that portion of the CAB order since it was not challenged in the CPLR article 78 proceeding. Orin correctly stands for the proposition that the reduction in the number of units does not affect the remaining units. (Meyer v Terasaki, supra.)
It appears that the remaining question is whether the mere reduction in the number of units should result in the destabilization of the building. The City Council’s 1974 declaration, that an "emergency exists and will continue to exist for all classes of housing accommodations within the City of New York” (Resolution No. 276), which invoked ETPA, is particularly applicable to buildings where units have been removed from the city’s housing stock. In ETPA the Legislature carefully limited the post-1974 acts which could permit destabiliza *631 tion. (ETPA § 5 [a] [5], [6], [11].) While reduction in the number of units, by itself, is not on that list, "substantial rehabilitation” of the premises which results in a reduction of the number of units may well be. (ETPA § 5 [a] [5]; see, e.g., 156 W. 92nd St. Corp. v Johnson, NYLJ, Oct. 21, 1987, at 7, col 1 [App Term, 1st Dept]; Hickey v Bomark Fabrics, 120 Misc 2d 597 [App Term, 1st Dept].) Although petitioner asserts that there was a "substantial rehabilitation” here, there is no proof whatever showing what construction was done when the number of units was reduced and whether it meets the test of "substantiality”. (See, Matter of Romanow v Heller, supra; Nelson v Yates, 127 Misc 2d 234; Goodman v Ramirez, 100 Misc 2d 881; Hickey v Bomark Fabrics, 111 Misc 2d 812, affd 120 Misc 2d 597.) Mere cosmetic work and a reduction in the number of units is inadequate. (156 W. 92nd St. Corp. v Johnson, supra.) This result is consistent with the legislative purpose of improving and maintaining housing units in the city. (See, Administrative Code § 27-2002.)
The proof shows that the building was subject to ETPA or RSL before the reduction in the number of units and there is no proof that there has been a sufficient "rehabilitation”. Thus, the court finds the respondents’ unit to be rent stabilized. The parties agree that the papers are inadequate to support the proceeding against stabilized tenants. The petition is dismissed.