SALVATION ARMY, Petitioner, v MARGARETTA GILMARTIN, Respondent.

Civil Court of the City of New York, New York County, January 31, 1989

### APPEARANCES OF COUNSEL

*Wayne G. Hawley* and *Edward N. Simon* for respondent. *Leonard Seiser* for petitioner.

### OPINION OF THE COURT

CAROL H. ARBER, J.

In 1968 Margaretta Gilmartin moved into room 207 of the Teny Eyck Troughton Residence at 145 East 39 Street and she has continued to live there up to the present. In 1988 the Salvation Army which owns the building instituted a holdover proceeding to evict her claiming that in 1968 she agreed to leave upon 30 days' notice. Ms. Gilmartin moved to dismiss the summary proceeding urging that, based on her continuous residence in the premises, she is protected by the Rent Stabilization Law of 1969.

It is undisputed that at the time Ms. Gilmartin moved in,

the Rent Stabilization Law was not in effect. However, it became effective in 1969, and by its language applied to "dwelling units in all hotels except hotels erected after July [1, 1969] whether classified as a Class A or a Class B multiple dwelling, containing six or more dwelling units, provided that the rent charged for the individual dwelling units on May [31, 1966] was not more than [$350] per month or [$88] per week." (Administrative Code of City of New York former § YY51-3.1.)

Respondent urges and petitioner does not dispute the fact that the Salvation Army residence where she resides meets all the requirements set forth in the law: (A) it has been operating since before July 1, 1969; (B) it is a class B multiple dwelling and (C) the rents charged in 1968 are less than the amounts in the law.

Petitioner argues that the premises are exempt from rent stabilization since rent stabilization was not in effect at the time the tenant moved in. Moreover petitioner urges that the tenant, while not subject to rent control, is nevertheless bound by the rent control exemption with respect to educational and eleemosynary institutions.

When rent stabilization became effective, it did not include any exemptions for educational or charitable institutions. It was not until the passage of the Emergency Tenant Protection Act of 1974 that exemptions were created under rent stabilization (McKinney's Uncons Laws of NY § 8625 [a] [6], [10]); however, the exemptions apply only to hotel units that were vacancy decontrolled or destabilized between July 1, 1971 and June 30, 1974, leaving the previously regulated units under the coverage of rent stabilization without application of the exemptions. *(See, Matter of Cornerstone Baptist Church v Rent Stabilization Assn.,* 55 AD2d 952 [2d Dept 1977]; *Cornell Univ. v New York City Conciliation & Appeals Bd.,* 87 Misc 2d 1060; *Slaven v Syracuse Univ.,* 92 AD2d 462 [1st Dept 1983].) By virtue of the tenant's continuous occupancy of the premises since prior to the inception of rent stabilization, her apartment is covered by the Rent Stabilization Law.

In presenting its argument, petitioner relies on *YMCA of Greater N. Y. v Brandt* (120 Misc 2d 576 [Civ Ct, NY County 1983]). In *Brandt,* the court was presented with a very different fact pattern, in that it involved a holdover proceeding against a tenant who had entered into possession of the premises in 1981. Since the exemptions were effective as of 1974, the YMCA was exempt from coverage. However, in the

instant situation the Salvation Army seeks possession of premises that have been resided in by the tenant since 1968 and therefore are not subject to the exemption relied upon by petitioner. Moreover in *Brandt* the respondent raised an issue as to the nature of the YMCA as an institution and whether it should be classified as charitable. That issue has not been raised and need not be reached in this case since the facts make it evident that the exemptions did not exist until 1974, six years after the tenant moved in.

Petitioner also relies on the certificate of incorporation dated 1899 to argue that it has been a "charitable" institution even before the tenant here moved in. While there is no question about the purposes for which the organization was formed, it is clear that there was no exemption from coverage as to rent stabilization until 1974. Therefore any claim of an exemption prior to that time must fail.

Based on the foregoing, the motion to dismiss is granted.