*464 OPINION OF THE COURT
Jay Stuart Dankberg, J.
Respondents’ motion to dismiss for lack of personal jurisdiction, for failure to state a cause of action (although otherwise denominated) and related relief and petitioner’s cross motion for summary judgment and related relief, motion numbers 13 and 14 on the Special Term Part 18 calendar of September 17, 1996, are consolidated for disposition.
FACTS
The controlling issue to be determined in this motion and cross motion is the manner in which the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) applies to a rent-controlled apartment in New York City which becomes vacant and the initial legal regulated rent exceeds $2,000 per month.
In June 1995, respondents took possession of apartment 10-D pursuant to a one-year lease which expired on May 31, 1996 ánd which clearly stated that it was not subject to rent stabilization.
The prior tenant of apartment 10-D (Mrs. White) died in 1995 and had occupied the premises along with her husband, as rent-controlled tenants (pursuant to the New York City Rent and Rehabilitation Law [Administrative Code of City of NY, tit 26, ch 3] [City Rent Control Law — CRCL]) since approximately 1973. The apartment became decontrolled upon Mrs. White’s vacancy. Department of Housing and Community Renewal (DHCR) records show that the maximum base rent (MBR) for the apartment effective at her death was $1,588.83.
In 1995, the New York City Rent Guidelines Board authorized an increase of 35% above the maximum base rent as the permitted initial regulated rent. Applying such calculation to the 1995 MBR for apartment 10-D would yield an initial regulated rent of $2,144.92 per month.
OPINION
Petitioner argues that the apartment is deregulated because the initial regulated rent of $2,144.92 per month is exempt from regulation by Local Laws, 1994, No. 4 of the City of New York, an amendment to the Rent Stabilization Law of 1969 (Administrative Code, tit 26, ch 4). It provides that apartments becoming vacant after April 1,1994 which have regulated rents exceeding $2,000 per month are excluded from future regulation. (Administrative Code § 26-504.2 ["Exclusion of high rent accommodations”].)
*465 Respondents argue that their lease is subject to regulation, that they have been overcharged and that they are entitled to a renewal lease. Since the building was built in New York City before 1947, the first applicable rent regulation was the New York City Rent Control Law. They claim that upon vacancy, the apartment became decontrolled through the Emergency Tenant Protection Act of 1974 (ETPA), which continues rent regulations. They contend that unlike section 26-504.2 of the Rent Stabilization Law, ETPA § 5 (a) (13) excludes only those apartments becoming vacant between July 7, 1993 (the effective date) and October 1, 1993 and which have "a legal regulated rent of two thousand dollars or more per month” as of October 1, 1993. (McKinney’s Uncons Laws of NY § 8625 [a] [13].) Respondents argue that since the vacancy occurred after the window period and since the legal regulated rent was not $2,000 or more per month as of October 1, 1993, the ETPA high rent deregulation is inapplicable. They assert that respondents’ lease should be subject to rent stabilization through ETPA.
This court holds that the application of the ETPA to the apartment in this case resulted in the previously rent-controlled apartment becoming subject to the Rent Stabilization Law upon vacancy in 1995; however, upon the initial legal regulated rent exceeding $2,000, it became deregulated pursuant to the Rent Stabilization Law.
Since the court has found no cases on point, this is a case of first impression.
One of the main goals of the ETPA in New York City was "to place under the Rent Stabilization Law apartments which had been vacancy decontrolled or which were not previously controlled by reason of having been completed subsequent to March 10, 1969 * * * The ETPA merely adds classes of accommodations to the coverage of the Rent Stabilization Law.” (Matter of Cornerstone Baptist Church v Rent Stabilization Assn., 55 AD2d 952, 953 [2d Dept 1977] [citation omitted].)
This purpose is illustrated by the many interrelationships between the ETPA and the Rent Stabilization Law (RSL) which indicate that the Legislature intended that ETPA operate upon New York City apartments which had been or were going to be decontrolled by subjecting them to regulation pursuant to the Rent Stabilization Law.
ETPA actually amended the Rent Stabilization Law "by providing that [the Rent Stabilization Law] shall apply to other housing accommodations made subject to this law [RSL]” pur *466 suant to ETPA. (Perth Realty Co. v Dovoll, 79 Misc 2d 514, 518 [Civ Ct 1974] [emphasis added]; and see, Rent Stabilization Law [Administrative Code] § 26-504 [b].)
Numerous provisions within ETPA indicate that the Legislature intended that upon vacancy, previously rent-controlled apartments in New York City be regulated by the Rent Stabilization Law. ETPA provides that the Rent Guidelines Board shall administer the act and shall have the powers granted by the RSL (McKinney’s Uncons Laws of NY § 8624 [c] [ETPA § 4 (c)]), the initial legal regulated rent shall be pursuant to the RSL (McKinney’s Uncons Laws of NY § 8626 [c] [ETPA § 6 (c)]), the initial regulated rent shall be subject to adjustment pursuant to the RSL (McKinney’s Uncons Laws of NY § 8629 [e] [ETPA § 9 (e)]), and the act may be implemented by regulations adopted pursuant to the RSL (McKinney’s Uncons Laws of NY § 8630 [b] [ETPA § 10 (b)]).
Such an interpretation is consistent with the interpretation of the DHCR. In Operational Bulletin No. 95-3, DHCR specifies the effects of the Rent Regulation Reform Act of 1993 (L 1993, ch 253) and Local Law No. 4 upon housing within New York City or outside New York City. The DHCR states that "housing accomodations regulated pursuant to RSL or CRCL will be referred to as New York City (NYC) housing accomodations.” (DHCR Operational Bulletin No. 95-3, at 2 [Dec. 18, 1995] [emphasis added].) Other housing accommodations in New York State are referred to as "outside New York City”.
In 1994, New York City enacted Local Law No. 4 which amended the New York City rent regulation statutes (both the CRCL and the RSL) to exclude any housing accommodation with a legal regulated rent of $2,000 or more per month which is or becomes vacant on or after April 1, 1994. (Administrative Code § 26-403 [e] [2] [k]; § 26-504.2 ["Exclusion of high rent accommodations”].)
Respondents argue that despite the factual circumstances of this case meeting the statutory criteria — that the vacancy occurred in 1995 (after the Apr. 1, 1994 requisite) and that the legal regulated rent jumped to $2,144.92 (over the $2,000 requisite) because the apartment changed classification from a rent-controlled apartment to a rent-stabilized apartment (pursuant to ETPA), the exclusion does not apply. They argue that the exclusion would never apply to the first stabilized tenant but would only apply to a subsequent stabilized tenancy.
Respondents’ argument misinterprets the intent and effect of housing regulation in New York City. It is clear that ETPA operated upon New York City rent-controlled apartments by *467 subjecting them to governance by the Rent Stabilization Law upon their vacancy. The apartment in this case is clearly such an apartment. Upon decontrol, the apartment became subject to the RSL at the initial regulated rent of $2,144.92, but simultaneously became deregulated or exempt from regulation because it was vacant and such rent exceeded the $2,000 maximum rent limitation of the Rent Stabilization Law. (Administrative Code § 26-504.2.)
DHCR has reached the same conclusion.
In determining respondents’ claim of nonreceipt of an initial rent registration form, DHCR stated that the "[t]enant is not subject to the rent regulatory laws and therefore not within our jurisdiction.” (DHCR order denying application, dated Sept. 27, 1996.) Thereafter, in another proceeding by one of respondents, DHCR stated that "[t]he subject apartment is not under the rent regulation laws/code and therefore, not within our jurisdiction.” (Order denying application, dated Oct. 10, 1996.)
Since the DHCR is charged with administering and applying all housing rules and regulations in New York City, the "DHCR’s interpretation of the statutes it administers, if not unreasonable or irrational, is entitled to deference”. (Matter of Salvati v Eimicke, 72 NY2d 784, 791 [1988].)
Any other interpretation of the interplay between the ETPA and the RSL would lead to inconsistent and nonuniform results with no rational basis. Clearly, if a New York City apartment which had been regulated pursuant to the Rent Stabilization Law became vacant after April 1, 1994, and the legal regulated rent to be charged the new tenant exceeded the $2,000 amount, the apartment would be unregulated. (See, DHCR Operational Bulletin No. 95-3, example 2b, at 3 [Dec. 18, 1995].) The only difference between the above example and the case at issue is that the apartment was rent stabilized rather than rent controlled. This difference in circumstance does not justify a variation in treatment leading to inconsistent results.
Although it would have been better if petitioners wisely filed appropriate forms with the DHCR (e.g., RR-1 & RA-42V), lack of filing has no effect upon the status of the apartment as being unregulated. (Administrative Code § 26-517 [e]; and see, New York Apartment Law Insider, How to Deregulate Vacancy-Decontrolled Apartment, at 8 [Nov. 1996].)
The branch of the motion of respondents for dismissal of the petition for lack of personal jurisdiction is denied. Respondents have failed to allege sufficient facts, based upon personal *468 knowledge, to warrant a hearing regarding improper service of the notice of petition and petition in this case.
The branch of the motion of respondents seeking dismissal for failure to state a cause of action (based upon lack of pleading that the apartment was rent stabilized) is denied since the lease and tenancy in question is not rent stabilized rather it has been exempted from rent regulation.
Petitioner’s cross motion for summary judgment is granted.
The clerk is directed to restore the underlying holdover proceeding to Trial Term Part 18 for entry of an appropriate judgment of possession (with a discretionary stay pursuant to RPAPL 753) and entry of a definitive monetary judgment for rent/use and occupancy.