*273 OPINION OF THE COURT
Per Curiam.
Order dated June 21, 2000 reversed with $10 costs, tenants’ motion to set aside the order and judgment after trial is denied, and the final judgment "of possession is reinstated.
In this owner use holdover proceeding for possession of rent-stabilized apartment premises, Civil Court determined after trial that landlord sought in good faith to recover the premises for occupancy by his daughter. Subsequently, the trial court set aside its decision and dismissed the petition on the ground that since tenants occupied two contiguous apartments as a single primary residence, and one of the two was an “ETPA protected apartment,” eviction was foreclosed under the so-called “20-year rule” precluding owner use proceedings against long-term tenants.
Because we conclude that Civil Court misapprehended the governing regulatory framework, we reverse and reinstate the court’s original order of possession. The Emergency Tenant Protection Act of 1974 (L 1974, ch 576 [ETPA]) “is an enabling act, which empowered New York City and certain * * * local governments to impose, or, as in New York City, where it already existed, to extend rent stabilization” (La Guardia v Cavanaugh, 53 NY2d 67, 74-75). Hence, by declaration of the New York City Council, rent stabilization coverage for housing accommodations within the city was extended to tenants in qualifying buildings who had entered into possession during the period of vacancy decontrol. The Rent Stabilization Code, as originally promulgated and subsequently amended (see, Administrative Code of City of NY § 26-511 [b]), contains no provision limiting the owner use remedy where the tenant has been in occupancy for 20 years or more (see, Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [2]). This limitation derives solely from chapter 234 of the Laws of 1984 which, as here relevant, aiforded such protection only to rent-controlled tenants (see, New York City Rent and Eviction Regulations [9 NYCRR] § 2204.5) and to tenants protected by the ETPA in cities having a population of less than one million (see, McKinney’s Uncons Laws of NY § 8630 [a]). Notably, chapter 234 did not en-graft the 20-year rule upon that part of the ETPA addressed to housing accommodations in cities having a population of one million or more. In this regard, the operative language of the ETPA — which was not amended — merely states: “For cities having a population of one million or more, this act may be *274 implemented by regulations adopted pursuant to the New York city rent stabilization law of [1969], as amended, or as otherwise provided by law” (see, McKinney’s Uncons Laws of NY § 8630 [b]). As we have seen, no regulation implementing the 20-year rule has, in fact, been adopted under New York City rent stabilization. Tenants’ reliance upon section 2504.4 (a) (2) of the Emergency Tenant Protection Regulations (9 NYCRR [ETPR]) is inapposite since “these regulations * * * apply to housing accommodations located in the counties of Nassau, Rockland and Westchester, which are subject to the Emergency Tenant Protection Act of 1974” (ETPR § 2500.8).
When the Legislature has specified the cases to which its enactment shall apply, and has failed to specify other particular cases, it is fair to conclude that the exclusion was intended (McKinney’s Cons Laws of NY, Book 1, Statutes § 74). Thus, the absence from chapter 234 of any provision for rent-stabilized or EPTA tenants within New York City provides a strong indication that this was not a matter of mere Legislature oversight (see, Pajak v Pajak, 56 NY2d 394, 397). In any event, “we may not rectify any perceived omission of such a provision by providing one by implication” (518 W. 134th St. Tenants Assn. v Calderon, 181 Misc 2d 216, 217).
Parness, P.J., Davis and Gangel-Jacob, JJ., concur.