■ RICHARD ALTMAN, Appellant, v 285 WEST FOURTH, LLC, Respondent. [8 NYS3d 295]—

Order and judgment (one paper), Supreme Court, New York County (Donna M. Mills, J.), entered October 16, 2014, which, inter alia, granted defendant's cross motion for summary judgment to the extent of dismissing the complaint, and declaring that plaintiff is not entitled to the protection of rent stabilization in connection with his occupancy of the subject apartment, and granted that branch of plaintiff's motion for summary judgment dismissing the counterclaims for sanctions and fraud, unanimously modified, on the law, to deny defendant's cross motion for summary judgment in its entirety, grant summary judgment to plaintiff, declare that plaintiff's tenancy is entitled

to rent stabilization protection and otherwise affirmed, without costs. The matter is remanded for calculation of the amount of rent overcharge owed to plaintiff.

The motion court erred in dismissing plaintiff's complaint, and declaring that the apartment is not subject to the Rent Stabilization Law (*see* Administrative Code of City of NY § 26-504.2 [a]). Although defendant was entitled to a vacancy increase of 20% following the departure of the tenant of record, the increase could not effectuate a deregulation of the apartment since the rent at the time of the tenant's vacatur did not exceed $2,000 (*see* Administrative Code §§ 26-504.2, 26-511[c] [5-a]; *Roberts v Tishman Speyer Props., L.P.*, 62 AD3d 71, 77 [1st Dept 2009], *affd* 13 NY3d 270, 280 [2009]).

Contrary to defendant's contention, both the 2005 stipulation and the 2007 agreement are void and unenforceable as a matter of public policy (*see Drucker v Mauro*, 30 AD3d 37, 39-40 [1st Dept 2006], *lv dismissed* 7 NY3d 844 [2006]; *132132 LLC v Strasser*, 24 Misc 3d 140[A], 2009 NY Slip Op 51694[U] [App Term, 1st Dept 2009]). The 2005 stipulation "purport[ed] to fix rent at a sum that exceeded the legal limit" under the Rent Stabilization Law (RSL), since the monthly rent of $2,488.62 exceeded the maximum allowable rent (*Jazilek v Abart Holdings LLC*, 10 NY3d 943, 944 [2008]). Pursuant to the 2007 agreement, plaintiff agreed to "refrain from filing or making any claim of rent overcharge, fair market rent appeal, and any and all other conceivable judicial or administrative proceedings challenging the non regulated status of the [apartment]" (2014 NY Slip Op 32702[U], *5 [Sup Ct, NY County 2014]). Since plaintiff was entitled to a rent-regulated apartment, he could not waive the protections of the RSL, absent satisfaction of the conditions for deregulation (*see Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 199 [1st Dept 2011], *appeal withdrawn* 18 NY3d 954 [2012]).

Defendant's counterclaims were properly dismissed since the record does not support a finding that plaintiff engaged in any "frivolous" conduct within the meaning of 22 NYCRR 130-1.1 (c) (1) to warrant the imposition of sanctions (*see Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34 [1st Dept 1999]), and in the absence of any valid agreement, there is no basis to support defendant's fraud claim. We note, in any event, that punitive damages are generally not recoverable in an action for breach of contract, and may be awarded only where the complained of conduct is directed at the public (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]).

We have considered the parties' remaining contentions and

find them unavailing. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ. [**Prior Case History: 2014 NY Slip Op 32702(U).**]

