■ RICHARD ALTMAN, Respondent, v 285 WEST FOURTH LLC, Appellant. [38 NYS3d 173]—

Judgment, Supreme Court, New York County (Michael L. Katz, J.), entered February 23, 2016, inter alia, awarding plaintiff damages for rent overcharges, including treble damages and prejudgment interest, and setting the legal rent at $1,829.49 until the apartment is properly registered, unanimously affirmed, with costs.

In determining the legal regulated rent for plaintiff's apartment, Supreme Court properly disregarded the rent charged four years before the filing of the complaint and looked to the last rent registered with the Division of Housing and Community Renewal (DHCR) ($1,829.49), since the unreliability of the apartment's rental history within the four-year limitations period was caused by defendant's failure to file annual rent registrations (*see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358 [2010]; *Altschuler v Jobman 478/480, LLC.*, 135 AD3d 439 [1st Dept 2016]; *Bradbury v 342 W. 30th St. Corp.*, 84 AD3d 681, 684 [1st Dept 2011]).

Defendant failed to rebut the presumption of wilfulness arising from the fact of the overcharge (*see Matter of H.O. Realty Corp. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 103, 107 [1st Dept 2007]). It submitted no affidavit by a person with knowledge justifying the rent increase (*see Matter of Mangano v New York State Div. of Hous. & Community Renewal*, 30 AD3d 267, 268 [1st Dept 2006]). Nor does the parties' 2005 so-ordered stipulation establish that the overcharge was not willful (*see Jazilek v Abart Holdings, LLC*, 72 AD3d

529, 532 [1st Dept 2010]). Supreme Court properly awarded plaintiff prejudgment interest on the treble damages award (see Mohassel v Fenwick, 5 NY3d 44 [2005]).

In support of its claim that plaintiff is not entitled to the portion of damages awarded for the overcharge for May 2014, defendant submitted no evidence establishing that plaintiff never paid rent for that month.

Supreme Court properly fixed the legal rent for the apartment at $1,829.49 until such time as defendant tenders a rent-stabilized lease to plaintiff and registers the apartment with DHCR (see Jazilek, 72 AD3d at 531). The court properly fixed the initial legal regulated rent at that time at $2,195.39, which reflects the allowed 20% vacancy increase (see id.). Defendant is not entitled to longevity increases or any increases allowed by law for the period in which the apartment was illegally removed from rent stabilization (id.). Concur—Tom, J.P., Sweeny, Andrias and Webber, JJ.