OPINION OF THE COURT
Per Curiam.
Order dated April 5, 2016 reversed, with $10 costs, tenants’ cross motion denied, petition reinstated and landlord’s motion for summary judgment of possession granted. Issuance of the warrant of eviction shall be stayed for 30 days after service of a copy of this order with notice of entry.
Landlord established, prima facie, that the subject apartment was deregulated before tenants took occupancy in November 2003. Landlord’s evidentiary submissions demonstrated that tenants’ predecessor, one James Henderson, occupied the apartment as a rent-stabilized tenant from October 1995 through the time of his vacancy in late 2003; and that the legal rent at the time of Henderson’s vacancy, $1,836.20 per month, plus the 20% vacancy increase allowance (see Rent Stabilization Law of 1969 [RSL] [Administrative Code of City of NY] § 26-511 [c] [5-a]) brought the legal rent above the $2,000 luxury decontrol threshold then in effect (see RSL § 26-504.2 [a]; Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926 [2010]; Roberts v Tishman Speyer Props., L.P., 62 AD3d 71, 78 [2009], affd 13 NY3d 270, 281 [2009]).
Civil Court erred in concluding that the apartment remained rent stabilized on the ground that Henderson’s rent at the time of his 2003 vacatur was less than $2,000. RSL § 26-504.2 (a) expressly provides for deregulation if the housing accommodation “is or becomes vacant . . . with a legal regulated rent of two thousand dollars or more per month.” In addition, RSL § 26-511 (c) (5-a) provides that the legal rent for any vacancy lease “shall be . . . [t]he previous legal regulated rent . . . increased by . . . (i) if the vacancy lease is for a term of two years, twenty percent of the previous legal regulated rent” (see also Rent Stabilization Code [RSC] [9 NYCRR] § 2522.8 [a] [1]). Thus, when subsequent to a vacancy, the legal rent, as increased by the vacancy increase allowance, as well as any increases permitted for postvacancy improvements, is $2,000 *81 or more, the apartment is deregulated pursuant to RSL § 26-504.2 (a) (see RSC § 2520.11 [r] [4], [10] [i] [if during vacancy, rent is increased by vacancy increase allowance and increases for improvements to a level of $2,000 or more, the apartment qualifies for exemption]). This intent to consider postvacancy increases in rent when determining whether the deregulation threshold was reached was emphasized in the Executive Chamber Memorandum of the Governor, upon the signing of the Rent Regulatory Reform Act of 1997, which states:
“Also repealed is a provision recently added by the NY City Council that only allows consideration of the apartment’s rent level at the time of [the] vacancy. The City Council's amendment had the effect of preventing rent increases that ordinarily take place after a vacancy—such as vacancy allowances and increases attributable to apartment improvements—from being considered in determining whether the $2,000 threshold was reached” (Bill Jacket, L 1997, ch 116 at 39).
Consideration of postvacancy increases in rent is also firmly established in case law interpreting the aforementioned provisions of the RSL and RSC (see Roberts v Tishman Speyer Props., L.P., 62 AD3d at 78 [high rent deregulation when “the tenant vacates the apartment and the legal rent, plus vacancy increase allowances and increases permitted for landlord improvements, is $2,000 or more”], affd 13 NY3d 270, 281 [2009] [“postva-cancy improvements . . . count toward the $2,000 per month rent threshold (L 1997, ch 116)” for high rent deregulation]; see also Jemrock Realty Co., LLC v Krugman, 13 NY3d at 926; Aimco 322 E. 61st St., LLC v Brosius, 50 Misc 3d 10 [2015]). In this regard, we do not interpret the contents of a single sentence in the decision in Altman v 285 W. Fourth, LLC (127 AD3d 654 [2015]) so broadly as to effectuate a sea change in nearly two decades of settled statutory and decisional law— that allowed an owner to deregulate an apartment after a vacancy, if the legal rent plus any lawful increases and adjustments to the rent, such as the vacancy allowance, exceeded $2,000 (see Aimco 322 E. 61st St., LLC v Brosius, 50 Misc 3d at 11-12)—particularly given the absence of any expressed intention by the Altman Court to do so.
Schoenfeld, J.R, Shulman and Gonzalez, JJ., concur.