1650 Realty Associates, LLC, Appellant,
against
Isaac Ovadiah and Janice Ovadiah, Respondents, and Meir Ovadiah, Simha Ovadiah, "John Doe" and "Jane Doe," Undertenants. 




Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. (Paul N. Gruber of counsel), for appellant.
Isaac Ovadiah and Janice Ovadiah, respondents pro se.

Appeal from an order of the Civil Court of the City of New York, Kings County (Eleanora Ofshtein, J.), dated August 20, 2018. The order, insofar as appealed from, upon renewal and/or reargument, adhered to so much of the determination in a prior amended order of that court dated May 17, 2018 as granted the branch of tenants' cross motion seeking summary judgment dismissing the petition and denied, as moot, the branches of landlord's motion seeking summary disposition in its favor on the petition, pursuant to CPLR 3212 and/or CPLR 409 (b), and summary judgment dismissing the affirmative defenses, in a holdover summary proceeding.




ORDERED that the order dated August 20, 2018, insofar as appealed from, is reversed, without costs, and, upon renewal and/or reargument, the determination in the amended order dated May 17, 2018 granting the branch of tenants' cross motion seeking summary judgment dismissing the petition is vacated, that branch of tenant's cross motion is denied and the matter is remitted to the Civil Court for a determination on the merits of the branches of landlord's motion seeking summary disposition in its favor on the petition and summary judgment dismissing the affirmative defenses.
In this holdover proceeding, landlord alleges that tenants held over after the expiration of a nonregulated market lease. Tenants allege, as one of their affirmative defenses, that they are rent stabilized, and they counterclaim for rent overcharge. Landlord moved for summary judgment dismissing tenants' affirmative defenses and counterclaim, and for summary disposition in its favor on the petition, pursuant to CPLR 3212 and/or CPLR 409 (b), arguing, among other things, that the apartment had been deregulated upon the application of statutory increases to the legal rent after the prior tenant had vacated the apartment. Tenants cross-moved for summary judgment dismissing the petition on the ground that the apartment had not been properly deregulated and they were therefore entitled to a rent-stabilized lease, and for discovery on their [*2]counterclaim. By amended order dated May 17, 2018, the Civil Court granted the branch of tenants' cross motion seeking summary judgment dismissing the petition, granted the branch of landlord's motion seeking summary judgment dismissing the counterclaim for rent overcharge—because tenants' monthly rent was less than the legal rent—and denied the remaining branches of the motion and cross motion as moot. 
Landlord moved for leave to renew and/or reargue and, upon renewal and/or reargument, to deny tenants' cross motion and for summary judgment on the petition and dismissing the affirmative defenses. Landlord argued that the court had incorrectly applied the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY § 26-501 et seq.) when it should have applied the Emergency Tenant Protection Act of 1974 (ETPA) in determining whether the apartment had been properly deregulated. Landlord also argued that the court had either misapplied or failed to apply Altman v 285 W. Fourth LLC (31 NY3d 178 [2018]). By order dated August 20, 2018, the Civil Court, in effect, granted renewal and/or reargument, and adhered to the relevant portions of its original determination. 
The record reflects that tenants entered into possession pursuant to a fair market lease in 2014; that the prior, rent-stabilized tenant had entered into possession in 2005; and that his last lease was for a preferential rent of $1,661 and a legal rent of $2,028.09. After the prior tenant vacated, landlord calculated a 20 percent vacancy increase of $405.62 and a six percent longevity increase of $121.69, bringing the legal rent to $2,555.40. It is undisputed that $2,500 was the high-rent vacancy threshold at the time. Landlord disputes the Civil Court's holding that the rent increases that were applied after the prior tenant had vacated could not be used to support deregulation. 
Landlord's argument that this issue is governed by the ETPA, not the RSL, is based on its allegation that, upon the first vacancy after July 1, 1971, "the Subject Premises remained stabilized pursuant to the ETPA, not the RSL." However, the relevant effect of the ETPA was to allow New York City, upon a determination that a housing emergency existed, to bring apartments that had been decontrolled under the 1971 Vacancy Decontrol Law "within New York City's rent stabilization system" (Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal, 5 NY3d 303, 311 [2005]; see also Brusco v Armstrong, 191 Misc 2d 272 [App Term, 1st Dept 2001]; Museum of Modern Art v Kirk, 111 Misc 2d 1074 [App Term, 1st Dept 1981]; Mandel v Pitkowsky, 102 Misc 2d 478 [App Term, 1st Dept 1979], affd 76 AD2d 807 [1980]). Thus, the RSL applies.
The issue of whether the rent increases that were applied in 2014 after the prior tenant had vacated may be used to support the deregulation of tenants' apartment is governed by RSL § 26-504.2 (a), which provides, insofar as is relevant here, that "any housing accommodation with a legal regulated rent of two thousand five hundred dollars or more per month at any time on or after the effective date of the rent act of 2011, which is or becomes vacant on or after such effective date, but prior to the effective date of the rent act of 2015" will be excluded from rent stabilization. (The Rent Act of 2015 added "but prior to the effective date of the rent act of 2015" to the existing language.) In Altman (31 NY3d 178), where the relevant vacancy occurred in 2005, the Court of Appeals construed similar language from RSL § 26-504.2 (a)—"any housing accommodation which is or becomes vacant on or after the effective date of the rent regulation reform act of 1997 and before the effective date of the rent act of 2011, with a legal [*3]regulated rent of two thousand dollars or more per month"—"to refer to the legal regulated rent (including the available statutory increases) applicable to the apartment after the tenant's vacancy" (Altman, 31 NY3d at 185). Since there is no material difference between the statutory language construed in Altman and the language applicable to this proceeding, we follow Altman's interpretation of the language and hold that RSL § 26-504.2 (a) excludes from rent stabilization apartments that became vacant between the effective dates of the rent acts of 2011 and 2015 for which the legal rent was $2,500 or more per month as a result of statutory increases that are applied after the vacancies.
In view of the foregoing, the branch of tenants' cross motion seeking summary judgment dismissing the petition should have been denied. Since the Civil Court denied the branches of landlord's motion seeking summary disposition in its favor on the petition and summary judgment dismissing the affirmative defenses as moot, the matter is remitted to the Civil Court for a determination on the merits of those branches of landlord's motion.
Accordingly, the order dated August 20, 2018, insofar as appealed from, is reversed, and, upon reargument and/or renewal, the determination in the amended order dated May 17, 2018 granting the branch of tenants' cross motion seeking summary judgment dismissing the petition is vacated, that branch of tenant's cross motion is denied and the matter is remitted to the Civil Court for a determination on the merits of the branches of landlord's motion seeking summary disposition in its favor on the petition and summary judgment dismissing the affirmative defenses.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 23, 2019