191 Realty Associates, L.P., Petitioner-Landlord-Appellant, 
against
Ivan Tejeda and Josefina Tejeda, Respondents-Tenants-Respondents.




Landlord appeals from an order of the Civil Court of the City of New York, New York County (Kimon C. Thermos, J.), dated December 27, 2018, which granted tenant Josefina Tejeda's motion for summary judgment dismissing the petition and denied, as moot, landlord's cross motion to amend its petition, for summary judgment and to dismiss tenant's affirmative defenses in a nonpayment summary proceeding.




Per Curiam.
Order (Kimon C. Thermos, J.), dated December 27, 2018, reversed, with $10 costs, tenant's motion for summary judgment denied, petition reinstated and the matter remanded to the Civil Court for further proceedings in accordance with this decision.
This nonpayment proceeding, based on allegations that the subject unit was exempt from rent stabilization due to high rent vacancy, should not have been dismissed on tenant's summary judgment motion. The evidentiary proof submitted shows that tenant's predecessors occupied the apartment as rent stabilized tenants from August 2013 through August 2014; and that the legal rent at the time of their vacancy, $2,330.55 per month, plus the 18.25% vacancy increase allowance (see Rent Stabilization Law [Administrative Code of City of NY] § 26-511[c][5-a] [repealed, effective June 14, 2019]), brought the legal rent above the $2,500 luxury decontrol threshold then in effect (see Rent Stabilization Law [Administrative Code of City of NY] § 26-504.2[a] [repealed, effective June 14, 2019]; Altman v 285 W. Fourth LLC, 31 NY3d 178 [2018]; 1650 Realty Assoc., LLC v Ovadiah, 65 Misc 3d 24, 27 [App Term, 2d Dept, 2d, 11th & 13 Jud Dists 2019] ["RSL § 26-504.2(a) excludes from rent stabilization apartments that became vacant between the effective dates of the rent acts of 2011 and 2015 for which the legal rent was $2,500 or more per month as a result of statutory increases that are applied after the vacancies"] [emphasis added]; see also 233 E. 5th St. LLC v Smith, 54 Misc 3d 79 [App Term, 1st Dept 2016], affd 162 AD3d 600 [2018]).
We also reject tenant's contention that the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) (HSTPA), which repealed high rent vacancy deregulation, effectively re-r[*2]egulated units that had been legally deregulated under previous rent laws. The New York State Legislature subsequently passed a so-called "clean up" bill that clarified, at Section 8 thereof, that HSTPA did not re-regulate any units lawfully deregulated before HSTPA's June 14, 2019 effective date (see L 2019, ch 39, Part Q).
We remand the matter for further proceedings to determine the merits of landlord's claim to recover rent arrears and the habitability of the apartment premises, issues not addressed below.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 22, 2019