B.G.R. Realty LLC, Petitioner-Landlord-Respondent, 
against
Michael Stein, Respondent-Tenant-Appellant, -and- Martin Stein, Respondent-Tenant, -and- John Doe and Jane Doe, Respondents-Undertenants.




Tenant Michael Stein, as limited by his briefs, appeals from that portion of an order of the Civil Court of the City of New York, Bronx County (Arlene H. Hahn, J.), dated December 21, 2018, which denied his motion for summary judgment dismissing the petition in a holdover summary proceeding.




Per Curiam.
Order (Arlene H. Hahn, J.), dated December 21, 2018, affirmed, with $10 costs.
In this holdover proceeding based on allegations that the subject unit was exempt from rent stabilization due to high rent vacancy, Civil Court properly denied tenant's summary judgment motion. Tenant failed to establish as a matter of law that the apartment is subject to rent stabilization. On the contrary, the proof submitted tends to indicate that the apartment was deregulated in 2011, when the stabilized tenant vacated and the legal rent plus available statutory increases brought the legal rent above the $2,500 luxury decontrol threshold then in effect (see Rent Stabilization Law [Administrative Code of City of NY] § 26-504.2[a] [repealed, effective June 14, 2019]; Altman v 285 W. Fourth LLC, 31 NY3d 178 [2018]). 
Contrary to tenant's claim, an apartment that was deregulated in 2011, was not re-regulated by virtue of the Rent Act of 2015 (L 2015, ch 20, part A, § 10; see 1650 Realty Assoc., LLC v Ovadiah, 65 Misc 3d 24, 27 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] ["RSL § 26-504.2(a) excludes from rent stabilization apartments that became vacant between the effective dates of the rent acts of 2011 and 2015 for which the legal rent was $2,500 or more per [*2]month as a result of statutory increases that are applied after the vacancies" (emphasis added)]; see also 191 Realty Assoc., L.P. v Tejeda, ___ Misc 3d ___, 2019 NY Slip Op 51864[U] [App Term, 1st Dept 2019]; 233 E. 5th St. LLC v Smith, 54 Misc 3d 79 [App Term, 1st Dept 2016], affd 162 AD3d 600 [2018]).
We also reject tenant's contention that the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) (HSTPA), which repealed high rent vacancy deregulation, effectively re-regulated units that had been legally deregulated under previous rent laws. The New York State Legislature subsequently passed a so-called "clean up" bill that clarified, at Section 8 thereof, that HSTPA did not re-regulate any units lawfully deregulated before HSTPA's June 14, 2019 effective date (see L 2019, ch 39, Part Q; 191 Realty Assoc., L.P. v Tejeda, supra). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: January 06, 2020