326 Starr, LLC v Martinez (2021 NY Slip Op 21358)

326 Starr, LLC v Martinez

2021 NY Slip Op 21358 [74 Misc 3d 77]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 13, 2022

[*1]

326 Starr, LLC, Appellant,
v
Christopher Martinez et al., Respondents.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 22, 2021

326 Starr, LLC v Martinez, 2020 NY Slip Op 34608(U), reversed.

APPEARANCES OF COUNSEL

SDK Heiberger, LLP (Steven B. Sperber of counsel) for appellant.
Marc Aronson for respondents.

{**74 Misc 3d at 78} OPINION OF THE COURT

Memorandum.

Ordered that the appeals are consolidated for purposes of disposition; and it is further ordered that the order entered December 15, 2020, is reversed, without costs, and tenants' motion to dismiss the petition is denied; and it is further ordered that the appeal from the order entered March 30, 2021, is dismissed, as no appeal lies from an order denying reargument (see Andre v City of New York, 47 AD3d 605 [2008]).
In September 2019, landlord commenced this nonpayment proceeding and alleged, among other things, that tenants do not reside in a rent-stabilized apartment. It is uncontroverted that, when the prior tenant vacated the apartment in 2017, the legal regulated rent was $1,154.51 per month. Landlord argues that the apartment is no longer rent stabilized because, post{**74 Misc 3d at 79} vacancy and post the effective date of the Rent Act of 2015, landlord made over $80,000 worth of individual apartment improvements (IAI), which increased the legal regulated rent to more than the $2,700 high rent deregulation threshold amount applicable at the time. The current tenants moved into the apartment in May 2019 at a preferential monthly rent of $2,900.
Tenants subsequently moved to dismiss the petition on the ground that it failed to set [*2]forth the proper regulatory status of the apartment. Landlord opposed the motion. By order entered December 15, 2020, the Civil Court (Zhuo Wang, J.) granted tenants' motion, finding that "high-rent deregulation is permissible only if the legal regulated rent was $2,700.00 or more at the moment of vacancy" (2020 NY Slip Op 34608[U], *11 [Civ Ct, Kings County 2020] [emphasis omitted]). Thereafter, landlord moved for leave to reargue its opposition to tenants' prior motion and, by order entered March 30, 2021, the Civil Court (Thomas M. Fitzpatrick, J.) denied landlord's motion (2021 NY Slip Op 32894[U] [Civ Ct, Kings County 2021]). Landlord appeals from both orders.
The appeal from the March 30, 2021 order is dismissed, as no appeal lies from an order denying reargument (see Andre v City of New York, 47 AD3d 605 [2008]).
Deregulation of the apartment is governed by former Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-504.2 (a), entitled "Exclusion of high rent accommodations," as amended by the Rent Act of 2015 (L 2015, ch 20, § 1, part A, § 10). It stated, in pertinent part:
" 'Housing accommodations' shall not include: any housing accommodation which becomes vacant on or after April first, nineteen hundred ninety-seven and before the effective date of the rent act of 2011 and where at the time the tenant vacated such housing accommodation the legal regulated rent was two thousand dollars or more per month; or, for any housing accommodation which is or becomes vacant on or after the effective date of the rent regulation reform act of 1997 and before the effective date of the rent act of 2011, with a legal regulated rent of two thousand dollars or more per month; or for any housing accommodation that becomes vacant on or after the effective date of the rent act of 2015, where such legal regulated rent was two thousand seven hundred dollars or more,{**74 Misc 3d at 80} and as further adjusted by this section. Starting on January 1, 2016, and annually thereafter, the maximum legal regulated rent for this deregulation threshold, shall also be increased by the same percent as the most recent one year renewal adjustment, adopted by the New York city rent guidelines board pursuant to the rent stabilization law. This exclusion shall apply regardless of whether the next tenant in occupancy or any subsequent tenant in occupancy is charged or pays less than two thousand dollars a month; or, for any housing accommodation with a legal regulated rent of two thousand five hundred dollars or more per month at any time on or after the effective date of the rent act of 2011, which is or becomes vacant on or after such effective date, but prior to the effective date of the rent act of 2015; or, any housing accommodation with a legal regulated rent that was two thousand seven hundred dollars or more per month at any time on or after the effective date of the rent act of 2015, which becomes vacant after the effective date of the rent act of 2015, provided, however, that starting on January 1, 2016, and annually thereafter, such legal regulated rent for this deregulation threshold, shall also be increased by the same percentage as the most recent one year renewal adjustment, adopted by the New York city rent guidelines board. This exclusion shall apply regardless of whether the next tenant in occupancy or any subsequent tenant in occupancy actually is charged or pays less than two thousand seven hundred dollars, as adjusted by the applicable rent guidelines board, a month."
Thus, former RSL § 26-504.2 (a) covered three distinct time periods: 1997 until the effective date of the Rent Act of 2011; the effective date of the Rent Act of 2011 until the effective date of the Rent Act of 2015; and post the effective date of the Rent Act of 2015, which period ultimately ended with the repeal of RSL § 26-504.2 by the Housing Stability and Tenant Protection Act of [*3]2019 (L 2019, ch 36, § 1, part D, § 5). The first sentence laid out, in three parts, what the designation " '[h]ousing accommodations' shall not include." The third sentence provided, also in three parts, additional clarification as to how the "exclusion" applied.
Insofar as is relevant here, the first sentence of former RSL § 26-504.2 (a) provided that "[h]ousing accommodations" shall{**74 Misc 3d at 81}not include "any housing accommodation that becomes vacant on or after the effective date of the rent act of 2015, where such legal regulated rent was two thousand seven hundred dollars or more." The Civil Court held that this language should be interpreted as providing for deregulation only if the legal regulated rent was $2,700 or more at the time the apartment became vacant. However, the third sentence of former RSL § 26-504.2 (a) further provided that the "exclusion" shall apply, among other things, for "any housing accommodation with a legal regulated rent that was two thousand seven hundred dollars or more per month at any time on or after the effective date of the rent act of 2015, which becomes vacant after the effective date of the rent act of 2015." The Civil Court did not refer to this latter clause, which contains no clear language specifically limiting its applicability to the legal regulated rent before the vacancy.
In Altman v 285 W. Fourth LLC (31 NY3d 178 [2018]), the Court of Appeals construed the first two clauses of the first sentence of former RSL § 26-504.2 (a) and concluded that "[g]iven that the second clause is an alternative to the first (preceded by 'or'), it must mean something different from the first clause—i.e., something other than the legal regulated rent at the time the tenant vacated the apartment" (Altman v 285 W. Fourth LLC, 31 NY3d at 185). Applying the same reasoning as the Altman Court, we find that the provisions of the third sentence of former RSL § 26-504.2 (a) must have a purpose; they should not be construed to simply repeat the provisions of the first sentence. We agree with the Civil Court that, for vacancies that occurred after the effective date of the Rent Act of 2015 and before RSL § 26-504.2 was repealed effective June 19, 2019, the first sentence of RSL § 26-504.2 (a) provided that apartments can be removed from rent stabilization based specifically upon the legal regulated rent at the time of the vacancy (see Altman v 285 W. Fourth LLC, 31 NY3d at 185). However, the clause of the third sentence applicable to that same time period clearly provides that apartments can be removed from rent stabilization based upon the rent "at any time on or after the effective date of the rent act of 2015, which becomes vacant after the effective date of the rent act of 2015" without "reference to the rent at the time" of the vacancy (Altman v 285 W. Fourth LLC, 31 NY3d at 185), and that would include any available post-vacancy statutory increases. As the subject apartment, which was vacated in 2017, had a legal{**74 Misc 3d at 82} regulated rent of more than $2,700 in 2019 based upon IAI increases, high rent deregulation was allowed pursuant to former RSL § 26-504.2 (a). Therefore, tenants' argument that the petition is defective for failure to set forth tenants' proper regulatory status is without merit.
Accordingly, the order entered December 15, 2020, is reversed and tenants' motion to dismiss the petition is denied.
Aliotta, P.J., Toussaint and Golia, JJ., concur.