People's Home Improvement, LLC v Kindig (2022 NY Slip Op
51350(U))

[*1]

People's Home Improvement, LLC v Kindig

2022 NY Slip Op 51350(U) [77 Misc 3d 136(A)]

Decided on December 16, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2020-274 K C

People's Home Improvement, LLC,
Appellant,
against
Kenna Kindig and Karl Kurt Kindig, Respondents.

Wenig Saltiel, LLP (Dan M. Blumenthal and Meryl Wenig of counsel), for appellant.
Law Office of Ellery Ireland (Ellery Ireland of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Kenneth T. Barany, J.; op 65 Misc 3d 1016 [2019]), dated September 26, 2019. The
order, insofar as appealed from, granted the branch of tenants' motion seeking to dismiss
the petition in a nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and
the branch of tenants' motion seeking to dismiss the petition is denied.
The April 2019 petition in this nonpayment proceeding alleged, in part, that tenants'
apartment was not rent regulated because the building was constructed after 1974.
Tenants answered and alleged, among other things, that the apartment is subject to rent
regulation.
Tenants subsequently moved to, among other things, dismiss the petition pursuant to
CPLR 3211 (a) (7), arguing that the petition failed to state a cause of action because
landlord provided an incorrect rent regulatory status for the apartment, as the building
was constructed in 1931, not after 1974. Landlord opposed the motion, and cross-moved
for leave to amend the petition to allege that the apartment was no longer rent regulated
due to high rent deregulation. Tenants opposed the cross motion, to which landlord
replied. The Civil Court, by order dated September 26, 2019, first granted the cross
motion and then, insofar as is relevant to this appeal, granted the branch of tenants'
motion seeking to dismiss the petition, finding that "the legislature, in the Rent Act of
2015, did not intend to allow deregulation of a vacant apartment below the [*2]threshold rent, through the vacancy and/or IAI's [individual
apartment improvement] increases if the vacancy occurred after the effective date of the
Act."
At the relevant time applicable to the case at bar, the threshold monthly rent for the
application of high rent deregulation to an apartment was $2,700. It is uncontroverted
that when the prior tenant vacated the apartment in or about April 2017, the apartment
was rent stabilized and the monthly legal regulated rent was $2,229.89. It is also
uncontroverted that, after the apartment was vacated, prior to tenants' residency in or
about February 2018 at a monthly rent of $3,100, landlord made IAIs and moved
perimeter walls of the apartment. Landlord argues that the apartment is no longer
rent-stabilized because, post vacancy and before tenants moved into the apartment at a
monthly rent of $3,100, it made IAIs and moved perimeter walls of the apartment. We
find that since the apartment had a legal regulated rent of more than $2,700 "at any time
on or after the effective date of rent act of 2015" which apartment "bec[a]me[] vacant
after the effective date of the rent act of 2015," high rent deregulation was allowed
pursuant to the Rent Act of 2015 (Rent Stabilization Law [Administrative Code of the
City of New York] former § 26-504.2 [a]). Consequently, tenants' argument that the
petition is defective for failing to state a cause of action is without merit (see 326 Starr, LLC v Martinez,
74 Misc 3d 77 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of
tenants' motion seeking to dismiss the petition is denied. 
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2022