200 Haven Owner, LLC v Drachman (2023 NY Slip Op 23294)

[*1]

200 Haven Owner, LLC v Drachman

2023 NY Slip Op 23294

Decided on September 28, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on September 28, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

23-023

200 Haven Owner, LLC, Petitioner-Landlord-Appellant, 
against
Chen Drachman, Respondent-Tenant-Respondent.

Landlord, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Eleanora Ofshtein, J.), dated September 28, 2021, which granted tenant's motion for partial summary judgment dismissing the petition in a holdover summary proceeding.

Per Curiam.
Order (Eleanora Ofshtein, J.), dated September 28, 2021, insofar as appealed, affirmed, with $10 costs.
Civil Court properly granted tenant's motion for partial summary judgment dismissing the holdover petition. The undisputed evidence establishes that tenant Chen Drachmam initially took possession of the apartment premises in 2013, pursuant to a rent stabilized lease signed by her and her then-cotenant, Noy Sossover. When Sossover moved out in late 2014, tenant asked landlord to add her new roommate (Zahavi) as cotenant. In response, landlord issued an eight-month lease naming tenant and Zahavi as cotenants, with the same preferential rent and expiration date (August 2015) as the existing lease. The new lease, however, was not rent stabilized. Landlord took the position that the addition of a new cotenant permitted it to take a lawful vacancy increase on the rent, which qualified the apartment for high rent deregulation because the legal regulated rent then exceeded $2,500. 
Contrary to landlord's argument, the apartment did not become exempt from regulation under the "high rent" deregulation provisions of the Rent Stabilization Law then in effect. Those rules provided that high rent deregulation occurred when a housing accommodation "is or becomes vacant" and the legal rent reached the deregulation threshold. Since the tenant remained in continuous possession of the premises as a named tenant since 2013, there was no "actual physical vacancy" or "hiatus in possession" so as to trigger deregulation (132132 LLC v Strasser, 19 Misc 3d 658, 660 [Civ Ct, NY County 2008], affirmed as modified, 24 Misc 3d 140[A], 2009 NY Slip Op 51694[U] [App Term, 1st Dept 2009]; see Matter of Ghignone v Joy, 55 NY2d 853 [1982]; Matter of Hoy v State of NY Div. of Hous. & Community Renewal, 233 AD2d 120 [1996]). While landlord may have qualified for a vacancy increase or allowance based on the addition of Zahavi as cotenant, "any such eligibility would not have served to automatically exempt the apartment from regulation" (132132 LLC v Strasser, 24 Misc 3d 140[A], *1).
Landlord's legal citations do not mandate a contrary result, since the tenant here was named in a prior lease, remained in continuous possession, and was again named co-tenant in the new lease (compare Matter of Gavrielov v Unger Consulting Group Ltd., 173 AD3d 443 [2019][an actual vacancy and new tenancy resulting in deregulation of apartment occurred when a renewal lease was executed that omitted, as the tenant, the party who was a continuous occupant, and named a different entity as the tenant] and Altman v 285 W. Fourth LLC, 31 NY3d 178 [2018][an actual vacancy occurred when the rent stabilized tenant vacated and a new lease was issued to a subtenant not named as a co-tenant in a prior lease]). 
We reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2023