Hadzovic v Buckley Sch. in the City of N.Y. (2024 NY Slip Op 51128(U))

[*1]

Hadzovic v Buckley Sch. in the City of N.Y.

2024 NY Slip Op 51128(U)

Decided on July 23, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2024
Supreme Court, New York County

Safet Hadzovic, Plaintiff,

against
The Buckley School in the City of New York, 109 EAST 73, LLC, 
 and MAGDALENE CASOLA, Defendants.

Index No. 155590/2023

David Rozenholc & Associates, New York, NY (James B. Fishman and Michael Terk of counsel), for plaintiff.
Belkin Burden Goldman, LLP, New York, NY (Jeffrey L. Goldman, S. Stewart Smith, and Sherwin Belkin of counsel), for defendant Buckley School.

Gerald Lebovits, J.

This action concerns whether an apartment is subject to rent stabilization. Plaintiff, Safet Hadzovic, signed a lease in 2017 with 109 East 73 LLC, which then owned the apartment.[FN1]
(NYSCEF No. 22 at 2 [lease].) Plaintiff paid $2,000 per month in rent. (See NYSCEF No. 22 at 2 [lease].) The lease expired in 2018. Plaintiff continued to reside in the apartment and pay rent after the lease expired. (NYSCEF No. 14 at 1.) 109 East decided to sell the apartment building to defendant Buckley School in the City of New York. Before the sale, 109 East informed plaintiff [*2]that he would need to vacate the apartment. (Id. at 2.) Plaintiff refused. (Id.) 109 East sent plaintiff a notice that his tenancy would terminate at the end of June 2023. Plaintiff did not vacate the apartment. (Id.)
Plaintiff raises a claim for a declaratory judgment "(a) that the purported 90-Day Notice is null and void . . . to terminate Plaintiff's tenancy of the Apartment, (b) that the Apartment is subject to rent stabilization, (c) that Plaintiff is the lawful rent stabilized tenant of the Apartment, (d) that the rents paid by Plaintiff and collected by Defendants and/or their predecessor(s) are and were unlawful, and (e) the amount of the correct legal regulated rent for the Apartment." (NYSCEF No. 1 at ¶ 43.) Plaintiff also seeks (2) injunctive relief directing Buckley to give plaintiff a rent-stabilized renewal lease and properly register the apartment with DHCL as rent stabilized; (3) a money judgment for the alleged rent overcharge; and (4) attorney fees. (Id. at ¶¶ 44-55.)
Buckley counterclaims for (1) a declaratory judgment that the apartment is not subject to rent stabilization, that the apartment was properly deregulated, that plaintiff is not entitled to a renewal lease, that plaintiff has not been overcharged on his rent, and that plaintiff's free-market lease ended in July 2019 and his occupancy rights ended in June 2023; (2) an order of ejectment against plaintiff; (3) unpaid rent and use and occupancy (U&O); and (4) attorney fees.
In motion sequence 001, Buckley moves for summary judgment under CPLR 3212 to dismiss the complaint. It also seeks summary judgment in its favor on its declaratory judgment, ejectment, and rent/U&O counterclaims. (NYSCEF No. 12 at 1-2 [notice of motion].) Plaintiff cross-moves for summary judgment on his complaint. (NYSCEF No. 46 at 1.) Buckley's motion for summary judgment is granted. Plaintiff's cross-motion for summary judgment is denied.
DISCUSSION
Buckley argues that the apartment was deregulated in 2009 when (i) the legal rent exceeded $2,000 and (ii) a vacancy arose in the apartment. (NYSCEF No. 28 at 11.) It supports this assertion by submitting the 2005 lease signed by nonparty Angelo Lopez as owner of Lopez Restoration, a prior tenant (NYSCEF No. 26 at 1); a 2009 lease signed by Lopez that did not mention Lopez Restoration (NYSCEF No. 27 at 1); the apartment's DHCR registration history (NYSCEF No. 24); MCI orders (NYSCEF No. 25); and a rent calculation chart. (NYSCEF No. 29).
Plaintiff contends that the apartment was improperly deregulated. Plaintiff argues that the apartment has been subject to rent overcharges since 1988. (NYSCEF No. 52 at 6.) Plaintiff also contends that the prior owner rented the residential apartment to Lopez Restoration under a lease which limited the tenancy to use for business purposes and that no real vacancy arose between the tenancies of Lopez Restoration and of Lopez. (Id. at 8-10.)
Former "Rent Stabilization Law § 26-504.2 (a) provides for the deregulation of rent-stabilized apartments that reach a threshold legal regulated rent."[FN2]
(Altman v 285 W. Fourth LLC, [*3]31 NY3d 178, 184 [2018].) Deregulation may occur "'where at the time the tenant vacated such housing accommodation the legal regulated rent was two thousand dollars or more per month.'" (Id., quoting Rent Stabilization Law § 26—504.2[a], repealed by L 2019, ch 36, § 1, part D, § 5.)
This court concludes that the apartment at issue in this case is not rent stabilized—even assuming that plaintiff is correct in contending that there was no vacancy in 2009. The parties do not dispute that the legal regulated monthly rent at the start of the Lopez Restoration tenancy was $1,583.86. (Compare NYSCEF No. 29 with NYSCEF No. 50.) Applying proper Rent Guidelines Board increases for residential tenancies with no improvements, the legal regulated rent would have exceeded $2,000 no later than 2013—several years before plaintiff commenced his tenancy.[FN3]
(See Rent Guidelines Board, Rent Guidelines Board Apartment Orders #1 through #56, 
https://rentguidelinesboard.cityofnewyork.us/wp-content/uploads/2024/07/2024-Apartment-Chart.pdf [last accessed July 22, 2024].) For this reason, Buckley's motion for summary judgment is granted, and plaintiff's cross-motion is denied.
The court further concludes that plaintiff must pay Buckley rent accrued from February 2023 through June 30, 2023, totaling $10,000.[FN4]
Plaintiff also must pay Buckley U&O starting from July 1, 2023—the date of termination (see NYSCEF No. 23 at 1)—through July 19, 2024. Although Buckley does not provide a method for calculating U&O, "the court may look to the amount of rent paid under a prior lease between the parties in setting use and occupancy." (43rd St. Deli, Inc. v Paramount Leasehold, L.P., 107 AD3d 501, 501 [1st Dept 2013].) The court thus concludes that plaintiff owes U&O at a rate of $2,000 per month—the amount of monthly rent paid under the parties' lease. Plaintiff must therefore pay Buckley $23,225.81 in U&O. Should plaintiff continue to occupy the premises in contravention of this order, Buckley may bring a claim for post-order U&O. 
The court does not reach the parties' remaining contentions.
Accordingly, it is
ORDERED that the branch of the Buckley School's motion for summary judgment to dismiss Hadzovic's complaint is granted; and the complaint is dismissed against the Buckley School; and it is further
ORDERED that the branch of the Buckley School's motion for summary judgment on its first counterclaim for declaratory judgment is granted; and it is further
ADJUDGED AND DECLARED that Hadzovic's tenancy in apartment 3B located at 109 East 73rd Street, New York, New York is not subject to New York's Rent Stabilization Law and Code because it was properly deregulated before the start of that tenancy; (ii) Hadzovic is not entitled to a renewal lease; (iii) Hadzovic has not been overcharged on his rent; and (iv) Hadzovic's free-market lease expired on July 31, 2018 and his occupancy rights terminated on June 30, 2023; and it is further
ORDERED that the branch of the Buckley's School's motion for summary judgment on its second counterclaim for an order of ejectment is granted; and it is further
ADJUDGED AND DECLARED that the Buckley School is entitled to possession of apartment 3B located at 109 East 73rd Street, New York, New York as against Hadzovic, and the Sheriff of the City of New York, County of New York, upon receipt of a certified copy of this Order and Judgment and payment of proper fees, is directed peaceably to place The Buckley School in possession accordingly upon the expiration of 14 days from receipt of the Order and Judgment; and it is further
ADJUDGED AND DECLARED that upon the expiration of 14 days from service of notice of entry of this Order and Judgment, the Buckley School may exercise all acts of ownership and possession of apartment 3B located at 109 East 73rd Street, New York, New York, including entry thereto, as against Hadzovic; and it is further
ORDERED that the branch of the Buckley School's motion for summary judgment on its third counterclaim for a monetary judgment for unpaid rent from February 2023 through June 2023 and use and occupancy from July 1, 2023, until Hadzovic vacates the premises is granted; and The Buckley School in the City of New York is awarded a judgment against Hadzovic for (i) $10,000 in unpaid rent; plus (ii) $23,225.81 in unpaid U&O; plus (iii) costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that plaintiff's cross-motion for summary judgment on his complaint is denied; and it is further
ORDERED that The Buckley School shall serve a copy of this order with notice of its entry on Hadzovic; and shall serve notice of entry on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, 
https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
DATE 7/23/2024

Footnotes

Footnote 1:This court previously issued an order granting the motion to dismiss of defendants 109 East and Maggie Casola. (See NYSCEF No. 70.)

Footnote 2:Former RSL § 26-504.2 (a) applies here. Plaintiff's tenancy pre-dated the Housing Stability and Tenant Protection Act of 2019. (See 326 Starr, LLC v Martinez, 2021 NY Slip Op 21358, *2 [App Term, 2d, 11th, & 13th Jud Dists 2021] ["[F]ormer RSL § 26-504.2 (a) covered three distinct time periods: 1997 until the effective date of the Rent Act of 2011; the effective date of the Rent Act of 2011 until the effective date of the Rent Act of 2015; and post the effective date of the Rent Act of 2015, which period ultimately ended with the repeal of RSL § 26-504.2 by the Housing Stability and Tenant Protection Act of 2019."].)

Footnote 3:From the apartment's DHCR registration, it is unclear when in 1984 the apartment was registered. According to the Rent Guidelines, for apartments registered between October 1983-September 1984, the rate of increase in monthly rent for two-year leases was limited to 7%. (See Rent Guidelines Board Apartment Orders #1 through #56.) If the apartment was instead registered between October 1984-September 1985, the rent-increase rate for two-year leases was 9%. (See id.) Lopez Restoration and Lopez had two-year leases between 2005-2015. (See NYSCEF Nos. 29, 50.) Applying the smaller growth rate (7%) for residential tenancies—and assuming no improvements-based or vacancy-based increases—the 2007 legal regulated rent was $1,694.73; the 2009 legal regulated rent was $1,813.36; the 2011 legal regulated rent was $1,940.30; and the 2013 legal regulated rent was $2,076.12.

Footnote 4:In his complaint, plaintiff states that 109 East and defendant Maggie Casola (a member of 109 East) refused to accept rent from him beginning in March 2023. (NYSCEF No. 1 at 3 [complaint].) Plaintiff does not argue this point in his motion papers.