OPINION OF THE COURT
Per Curiam.
Orders, dated November 7, 2014, modified to the extent of denying landlord’s motion to strike the defenses and counterclaims, and granting tenant’s cross motion for disclosure to the extent specified; as modified, orders affirmed, without costs.
Tenant’s defense of lack of personal jurisdiction should not have been stricken, since his sworn, nonconclusory denial of service sufficiently controverted the veracity and content of the affidavit of service, requiring a traverse hearing (see Finkelstein Newman Ferrara LLP v Manning, 67 AD3d 538 [2009]).
Nor was tenant’s defense of rent stabilization coverage subject to summary dismissal. The record raises but does not resolve several material triable issues, including whether the apartment at issue was exempt from rent stabilization because of a high rent vacancy that occurred in 2001, and whether landlord’s expenditures for apartment improvements in the year prior to the high rent vacancy justified the increase in the rent over the $2,000 threshold then in effect. In this regard, we note that Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-504.2 (a) contains two statutory bases for high rent deregulation, the second of which is if the housing accommodation “is or becomes vacant . . . with a legal regulated rent of two thousand dollars or more per month” (emphasis added). In addition, increases in rent for postvacancy improvements count “to bring the legal rent above the luxury decontrol threshold” (Jemrock Realty Co., LLC v Krugman, 13 NY3d 924, 926 [2010]; see Roberts v Tishman Speyer Props., L.P., 62 AD3d 71, 78 [2009] [high rent deregulation when “the tenant vacates the apartment and the legal rent, plus vacancy increase allowances and increases permitted for landlord improvements, is $2,000 or more”], affd 13 NY3d 270, 281 [2009] [“postvacancy improvements . . . count toward the $2,000 per month rent threshold (L 1997, ch 116)” for high rent deregulation]; cf. Altman v 285 W. Fourth, LLC, 127 AD3d 654 [2015] [relying solely on RSL § 26-504.2 (a)’s first statutory *12 basis for high rent deregulation, that is, “at the time the tenant vacated . . . the legal regulated rent was two thousand dollars or more [a] month”]).
Events beyond the four-year statute of limitations may be considered to determine whether the apartment is regulated (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199-201 [2011]), but not “for the purpose of calculating an overcharge” (see East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16AD3d 166, 167 [2005]).
Tenant demonstrated ample need for limited discovery relating to the apartment improvements that were the basis for the purported deregulation (see 150 W. 82nd St. Realty Assoc., LLC v Linde, 36 Misc 3d 155[A], 2012 NY Slip Op 51753[U] [App Term, 1st Dept 2012]). Tenant’s January 21, 2014 discovery notice is limited accordingly.
We have considered and rejected tenant’s remaining arguments.
Schoenfeld, J.P., Shulman and Hunter, Jr., JJ., concur.