Mautner-Glick Corp., Petitioner-Landlord-Appellant,
against
Bruce Higgins, Respondent-Tenant-Respondent, and "John Doe" and/or "Jane Doe," Respondents.



Landlord, as limited by its briefs, appeals from (1) that portion of an order of the Civil Court of the City of New York, New York County (Timmie Erin Elsner, J.), dated May 17, 2018, which granted tenant's motion for leave to conduct discovery, as specified, in a holdover summary proceeding and (2) an order (same court and Judge), dated May 17, 2018, which denied landlord's cross motion for summary judgment of possession.




Per Curiam.
Orders (Timmie Erin Elsner, J.), dated May 17, 2018, insofar as appealed from, affirmed, with one bill of $10 costs.
Landlord's motion for summary judgment of possession was properly denied. The proof submitted in support of the motion failed to establish prima facie that the subject apartment is exempt from rent stabilization based on high rent vacancy said to have occurred prior to June 24, 2011. 
Significantly absent from the record is any evidence of the rental history of the apartment between August 2, 2010 - when landlord registered the rent of the purportedly last stabilized tenant [Julie Sonner] at $1,796 - and June 3, 2014, when tenant entered possession. Thus landlord failed to establish that the apartment was or became vacant on or before June 23, 2011, when the deregulation threshold was $2000 (see Rent Stabilization Code [RSC] [9 NYCRR] § 2520.11[r][4]), rather than after June 24, 2011, when the threshold was $2,500 (see RSC § 2520.11[r][5]), and that the legal rent (including the available statutory increases) applicable to the apartment after Sonner's vacancy exceeded the applicable threshold (see Altman v 285 W. Fourth LLC, 31 NY3d 178 [2018]).
To the extent that the parties' so-ordered stipulation of settlement dated June 3, 2014 in a [*2]prior 2013 nonpayment proceeding states that tenant understood that the subject apartment was a "replacement apartment" and was "not regulated," the protection of the Rent Stabilization Law and Code cannot be waived if the replacement apartment at issue is determined to be covered by rent regulation (see RSC § 2520.13; Georgia Props., Inc. v Dalsimer, 39 AD3d 332 [2007]; Drucker v Mauro, 30 AD3d 37 [2006], appeal dismissed 7 NY3d 844 [2006]).
We sustain the grant of tenant's discovery motion. A summary proceeding pursuant to the Real Property Actions and Proceedings Law is a special proceeding in which disclosure may be utilized by leave of court (see CPLR 408; McQueen v Grinker, 158 AD2d 355, 359 [1990]), upon a showing of "ample need" (see Hartsdale Realty Co. v Santos, 170 AD2d 260 [1991]). In determining whether ample need has been established, courts consider a number of factors, not all of which need to be present in every case, including whether the party seeking discovery has asserted facts to establish a claim or defense; whether there is a need to determine information directly related to the claim or defense; whether the requested disclosure is carefully tailored and likely to clarify the disputed facts; whether prejudice will result from granting leave to conduct discovery; whether any prejudice caused by granting a discovery request can be diminished by an order fashioned by the court for that purpose; and whether the court, in its supervisory role, can structure discovery so that pro se tenants in particular will be protected (see New York Univ. v Farkas, 121 Misc 2d 643, 647 [Civ Ct, NY County 1983]).
Viewed within this framework, and given the sizeable rent increases (i.e., a 69% increase following a vacancy) and the gaps in the rental history as previously indicated, tenant demonstrated ample need for limited discovery relating to the events that were the basis for the purported deregulation of the apartment (see Aimco 322 E. 61st St., LLC v Brosius, 50 Misc 3d 10 [App Term, 1st Dept 2015] ["[t]enant demonstrated ample need for limited discovery relating to the apartment improvements that were the basis for the purported deregulation"]; 2701 Grand Assn. LLC v Morel, 50 Misc 3d 139[A], 2016 NY Slip Op 50163[U][App Term, 1st Dept 2016] ["[t]enants also demonstrated ample need for limited discovery relating to the apartment improvements that were the basis of the $891 rent increase"]; 150 W. 82nd St. Realty Assoc., LLC v Linde, 36 Misc 3d 155[A], 2012 NY Slip Op 51753[U] [App Term, 1st Dept 2012] [tenant "demonstrated ample need for limited discovery relating to the apartment improvements that were the basis of the $1,061 rent increase"]). 
Contrary to landlord's claim, consideration of events beyond the four-year statute of limitations (see CPLR 213-a) is permissible if done not for the purpose of calculating a rent overcharge but rather, as here, to determine whether an apartment is regulated (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 201 [2011], appeal withdrawn 18 NY3d 954 [2012] ["except as to limit rent overcharge claims, the Legislature has not imposed a limitations period for determining the rent regulatory status of an apartment"]; East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166 [2005]; see also Rosa v Koscal 59, LLC, 162 AD3d 466 [2018]). Nor is tenant required to allege any colorable claim of fraud in order to challenge the change in an apartment's status from rent-stabilized to unregulated, even if the change occurred beyond the four-year statute of limitations for rent overcharge claims (see Gersten v 56 7th Ave. LLC, 88 AD3d 199 ["a tenant should be able to challenge the deregulated status of an apartment at any time during the tenancy"]; 72A Realty Associates v Lucas, 101 AD3d 401, 402 [2012][[A]s we explained in Gersten, tenant's challenge to the deregulated status [*3]of her apartment, which presents a 'continuous circumstance' is not barred by the six-year statute of limitations"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: May 03, 2019