Simpson v 16-26 E. 105, LLC (2019 NY Slip Op 07026)





Simpson v 16-26 E. 105, LLC


2019 NY Slip Op 07026


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9964 160737/17

[*1]N.N. Simpson, et al., Plaintiffs-Appellants,
v
16-26 East 105, LLC, et al., Defendants-Respondents.


Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for appellants.
Greenberg Traurig, LLP, New York (Hal N. Beerman of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered February 6, 2019, which denied plaintiffs' motion for class certification, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiffs, who are tenants in a contiguous row of buildings owned and operated by defendants, allege that defendants improperly deregulated their apartments while the buildings received J-51 tax benefits (see Roberts v Tishman Speyer Props., L.P., 13 NY3d 270 [2009]). They seek, inter alia, declaratory relief and damages arising from the resulting rent overcharges.
The motion court denied plaintiffs' motion for class certification solely on the ground that the Rent Stabilization Code's so-called "default formula" for calculating rents in certain instances amounts to a penalty and is therefore unavailable in a class action (see CPLR 901[b]; 9 NYCRR 2522.6[b][3]; 2526.1[g]).
For the reasons that follow, we hold that the default formula is not a penalty but a method by which to calculate compensatory damages, and therefore is not a bar to class certification pursuant to CPLR 901(b).
The Rent Stabilization Code requires that a "base date" be established for calculating the legal regulated rent for an apartment (see 9 NYCRR 2522.6[b][2]). Generally, the legal regulated rent is the rent registered with the Division of Housing and Community Renewal (DHCR) for the apartment six years before the overcharge proceeding was commenced (CPLR 213-a)[FN1]. The base date is used in the calculation of overcharges, i.e., overcharges result from improper rent increases after the base date (9 NYCRR 2526.1). The default formula for establishing the base date rent is applied where 1) the base date rent cannot be determined, 2) a full rent history is not provided, or 3) the owner has engaged in fraudulent practices (see 9 NYCRR 2522.6[b][3]; 2526.1[g]).
The default formula provides for the base date to be established at the lowest of 1) the lowest registered rent for a comparable apartment in the building at the time the complaining tenant moved in, 2) the complaining tenant's initial rent reduced by a certain percentage, 3) the [*2]last registered rent paid by the prior tenant within the lookback period, or 4) if none of those is appropriate, an amount set by DHCR based on its relevant data (9 NYCRR 2522.6[b][3] and 2526.1[g]).
Thus, the default formula is applied to calculate compensatory overcharge damages where no other method is available. Moreover, it is applied equally in cases in which the owner has engaged in fraud and in cases in which the base date rent simply cannot be determined or the rent history is unavailable. Considered in this light, we conclude that the default formula is not "punishing conduct." Nor can a case in which it is applied be reasonably deemed "an action to recover a penalty" under CPLR 901(b).
In view of the foregoing, we do not reach the question whether defendants' failure to raise their argument that the default formula is a penalty within the meaning of CPLR 901(b) in a pleading precluded the motion court's consideration of the argument (see People v Carvajal, 6 NY3d 305, 316 [2005] ["We are bound ... not to decide questions unnecessary to the disposition of the appeal"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK



Footnotes

Footnote 1: The Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) extended the statutory "lookback period" for overcharge proceedings from four to six years for all actions pending on or after June 14, 2019 (CPLR 213-a, as amended). The act also permits review of rent history beyond the lookback period in a determination of the legal regulated rent (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516(h), as amended by L 2019, ch 36] [DHCR or court "shall consider all available rent history which is reasonably necessary to make such determinations"]).