Vendaval Realty, LLC, Petitioner-Landlord-Appellant, Respondent, -
against
Shameika Felder, Respondent-Tenant- Cross-Appellant.




Landlord, as limited by its briefs, appeals from (1) that portion of an order of the Civil Court of the City of New York, New York County (Timmie Erin Elsner, J.), dated July 31, 2018, which granted tenant's motion for summary judgment dismissing the petition in a nonpayment summary proceeding, partial summary judgment on tenant's counterclaims on the issue of liability, and denied landlord's cross motion for summary judgment on its petition, and (2) a final judgment (same court and Judge), entered October 17, 2018, which awarded tenant a recovery in the principal sum of $8,112, without prejudice to both parties' claims on appeal. Tenant, as limited by her briefs, cross-appeals from that portion of the July 31, 2018 order which calculated the amount of overcharge damages based on an unregistered legal regulated rent of $592.11 per month.




Per Curiam.
Final judgment (Timmie Erin Elsner, J.), entered October 17, 2018, modified to vacate the court's calculation of the amount of the overcharge, including treble damages, and to remand for further proceedings, including a recalculation consistent with the HSTPA; as modified, final judgment affirmed, with $25 costs. Appeal and cross appeal from order (Timmie Erin Elsner, J.), dated July 31, 2018, dismissed, without costs, as subsumed in the appeal from the final judgment.
Landlord's contention that no colorable claim of fraud exists that would warrant the examination of more than four years of rental history is unavailing, in view of the legislature's recent enactment of the Housing Stability and Tenant Protection Act of 2019 [HSTPA] (L 2019, ch 36, part F), that is applicable to this pending litigation (see Dugan v. London Terrace Gardens, L.P., 177 AD3d 1 [2019]), which extends the statutory "lookback period" for overcharge proceedings from four to six years, and permits review of rental history beyond the [*2]lookback period in a determination of the legal regulated rent (see Simpson v 16—26 East 105, LLC, __ AD3d __, 2019 NY Slip Op 07026 n 1 [1st Dept 2019]).
Civil Court's calculation of the amount of the overcharge was pursuant to the methodology in effect prior to passage of the HSTPA. Pursuant to the HSTPA that methodology has changed significantly. Among other things, the HSTPA provides that the legal regulated rent for purposes of determining most overcharges "shall be the rent indicated in the most recent reliable annual registration statement filed and served upon the tenant six or more years prior to the most recent registration statement, ... plus in each case any subsequent lawful increases and adjustments" (Rent Stabilization Law [RSL] [Administrative Code of City of NY] § 26—516[a]). The new law also sets forth a comprehensive set of nonexclusive records that a court shall consider in determining legal rents and overcharges (see RSL §26-516[h]). 
"In view of the comprehensive changes made by the HSTPA with respect to the proper method of calculating legal rents and overcharges, we must remand the matter to the motion court so that it can, in the first instance, set forth a methodology consistent with the HSTPA" (Dugan v. London Terrace Gardens, L.P., 177 AD3d at 10). The legislature has made changes to the law that directly impact this case, and has made those changes applicable to this pending litigation. Therefore, a remand is appropriate. The motion court shall give the parties an opportunity to present additional evidence with respect to the calculation of rents and overcharges under the HSTPA (see Dugan, 177 AD3d at 10).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 02, 2019