Widsam Realty Corp., Petitioner-Landlord-Appellant, 
against
Jessica Joyner, Respondent-Tenant-Respondent, -and- "John Doe" and/or "Jane Doe," Respondents-Occupants.




Landlord appeals from those portions of an amended order of the Civil Court of the City of New York, New York County (Clifton A. Nembhard, J.), dated July 2, 2019, which granted tenant's motion for discovery and denied landlord's cross motion to dismiss tenant's affirmative defenses and counterclaims and for summary judgment of possession in a holdover summary proceeding.




Per Curiam.
Order (Clifton A. Nembhard, J.), dated July 2, 2019, insofar as appealed, affirmed, with $10 costs.
Tenant entered into possession of the West 71st Street apartment at issue in 2016, pursuant to a one-year unregulated lease agreement at a rent of $3,800 per month. The lease was renewed for one year at the same rent, but landlord declined any further renewal. Landlord then commenced this holdover proceeding alleging, inter alia, that tenant's lease expired and that the apartment is exempt from rent regulation "because the rent was $2,000 or more prior to June 24, 2011." Tenant answered, asserting, among other things, that the apartment is subject to rent stabilization.
Tenant moved below for leave to conduct discovery relating to the alleged high rent deregulation of the apartment, noting the unexplained 192% increase in rent (from $565 to $1,650) in 1989. Landlord opposed the motion, asserting that tenant did not produce any evidence of fraud warranting a "lookback" of more than four years. Landlord also asserted that, even without the 1989 increase, the apartment would have been deregulated prior to tenant's [*2]occupancy. In the order on appeal, Civil Court granted tenant's motion, concluding that tenant demonstrated ample need for documents relating to the 1989 rent increase. Landlord's cross motion for summary judgment was denied.
We affirm. Landlord's contention that it is not required to produce rental history records for more than four years is unavailing. Even prior to the enactment of the Housing Stability and Tenant Protection Act of 2019 [HSTPA] (L 2019, ch 36, part F), courts "uniformly held that landlords must prove the change in an apartment's status from rent-stabilized to unregulated even beyond the four-year statute of limitations for rent overcharge claims" (Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [2011], appeal withdrawn 18 NY3d 954 [2012]; East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166 [2005]). Moreover, the HSTPA, which was enacted in June 2019 and is applicable to this pending litigation (see HSTPA, § 1, part F, § 7), not only extends the statutory lookback period for overcharge proceedings from four to six years, but permits review of rent history beyond the lookback period in a determination of the legal regulated rent (see Rent Stabilization Law [Administrative Code of City of NY] § 26-516[h], as amended by L 2019, ch 36] [DHCR or court "shall consider all available rent history which is reasonably necessary to make such determinations"]; Simpson v 16-26 East 105, LLC, 176AD3d 418, 2019 NY Slip Op 07026 n 1 [1st Dept 2019]). Thus landlord's contention that it cannot be required to produce rent records beyond four years is without merit under both the old law and the new law. Furthermore, given the substantial (nearly 200%) and unexplained 1989 rent increase, Civil Court providently exercised its discretion in permitting discovery of records beyond the four-year period to determine the regulatory status of the apartment. 
Landlord's cross motion for summary judgment was also properly denied, since it failed to meet its burden of demonstrating the absence of triable issues of fact as to whether the apartment was properly deregulated by virtue of a high rent deregulation prior to tenant's occupancy (see Aimco 322 E. 61st St., LLC v Brosius, 50 Misc 3d 10 [App Term, 1st Dept 2015]) under the law then in effect (see 191 Realty Assoc., L.P. v Tejeda, (65 Misc 3d150[A}; 2019 NY Slip Op 51864[U] [App Term, 1st Dept 2019] [the so-called "clean up" bill clarified, at Section 8 thereof, that HSTPA did not re-regulate any units lawfully deregulated before HSTPA's June 14, 2019 effective date]; see L 2019, ch 39 Part Q § 8). Landlord's present contention that the 1989 increase was due to apartment improvements is raised for the first time on appeal and is without support in the record. Nor has landlord established as a matter of law that the apartment would have been deregulated as a result of renewal and vacancy increases, even without the 1989 rent increase. 
We have considered landlord's remaining arguments and find them unpersuasive, including its claim that applying the HSTPA to this pending litigation is unconstitutional (see Dugan v London Terrace Gardens, L.P., 177 AD3d 1, 10 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: December 26, 2019