654 Putnam Owners LLC v Humphries (2024 NY Slip Op 50289(U))

[*1]

654 Putnam Owners LLC v Humphries

2024 NY Slip Op 50289(U)

Decided on March 19, 2024

Civil Court Of The City Of New York, Kings County

Harris, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 19, 2024
Civil Court of the City of New York, Kings County

654 Putnam Owners LLC, Petitioner-Landlord,

against
Heather Humphries, Respondent-Tenant.

Index No. L&T 71894/18

Petitioner's attorneys:
Butnick & Levenson, LLP
Attn: Joshua Adam Butnick, Esq.
Attn: Stephane Jeremy Avouac, Esq.
60 West 38th Street, Suite 4E
New York, N.Y. 10018
Jbutnick@blnylaw.com
savouac@blnylaw.com
Respondents' attorneys:
Brooklyn Legal Services Corporation A
Attn: Jack Charles Underwood, Esq.
Attn: Zachary Alexander Hale, Esq.
1471 Fulton Street
Brooklyn, N.Y. 11216
junderwood@bka.org
zhale@bka.org

David A. Harris, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of respondent's motion for judgment pursuant to CPLR 4401, Petitioner's motion for use and occupancy and for access, and petitioner's order to show cause to restore and for continued trial, listed by NYSCEF number: 258, 259, 260, 261, 262, 263, 264, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, [*2]276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292
______________________________________________
After the service, in May 2018, of a Three (3) Day Notice Demanding Payment of Rent (Rent Demand) (NYSCEF Doc. No. 16), petitioner commenced this summary proceeding seeking outstanding rent for Apartment A2 (Apartment) in the building located at 654 Putnam Avenue, in Brooklyn (Building). The petition alleges that at paragraph 7 that "[t]he subject premises is not subject to the Rent Stabilization Laws because the apartment was deregulated pursuant to RSL §26-504.2 in that the legal rent exceeded the maximum threshold for rent stabilization at the time the premises became deregulated" (NYSCEF Doc. No. 16). The amended answer (NYSCEF Doc. No. 21) admits the allegations of paragraphs 1, 2, 3, 4, and 5 of the petition and denies the allegations of paragraphs 6,7, 8, 9, and 10 of the petition. In addition, the amended answer, as its second affirmative defense and counterclaim, asserts that the Apartment is subject to rent stabilization and seeks damages for rent overcharge. The second amended answer supplements the first amended answer but does not alter the admissions and denials contained in that answer (NYSCEF Doc. No. 273).
After extended motion practice, disclosure and delay resulting from the COVID-19 pandemic, the court transferred the proceeding to this part for trial on October 28, 2022 (NYSCEF Doc. No. 202). Thereafter, the court declined to sign an order to show cause seeking an order striking affirmative defenses and for summary judgment (NYSCEF Doc. No. 219) and denied respondent's motion in limine (NYSCEF Doc. No. 245), as well as respondent's motion for leave to interpose a second amended answer (NYSCEF Doc. No. 255). On December 8, 2022, trial commenced, and petitioner rested. The parties stipulated to the filing of respondent's second amended answer notwithstanding the court's order and to a submission schedule for further motions (NYSCEF Doc. No 257).
On January 5, 2024, petitioner moved for use and occupancy and for access (NYSCEF Doc. No. 258 (Mot. Seq. No. 18). On January 12, 2024, petitioner filed an order to show cause to restore the case to the court's calendar (NYSCEF Doc. No. 268) (Mot. Seq. No. 17) and on January 16, 2024, respondent moved for dismissal pursuant to CPLR 4401 (NYSCEF Doc. No. 277) (Mot. Seq. No. 19). The court will first address the potentially dispositive motion to dismiss pursuant to CPLR 4401. Respondent's motion is premised on the assertion that petitioner has rested and has failed to produce evidence sufficient to meet its burden of establishing that the Apartment has been deregulated.
Respondent sets forth the history, noting that petitioner asserts high rent deregulation, that the Hon. Hannah Cohen, in granting disclosure, noted the existence of "possible indicia of fraud" (NYSCEF Doc. No. 75). Respondent notes that the Hon. Kevin McClanahan denied summary judgment due to the existence of triable issues of fact (NYSCEF Doc. No. 198).
At trial, petitioner offered one witness. Through his testimony, petitioner introduced certified copies of the records of registrations with the New York State Division of Housing and Community Renewal (DHCR) (NYSCEF Doc. No. 280). Petitioner's witness acknowledged that he had not been to the Apartment prior to alleged renovations but believed they had occurred. The only arguably salient documentary evidence related to the claimed deregulation was the DHCR registrations.
While petitioner acknowledges that petitioner "bears the prima facie burden of proving the rent regulatory status" of the Apartment (NYSCEF Doc. No. 291), petitioner asserts that [*3]submitting proof of every increase would be "unduly burdensome for landlords, would unreasonably delay eviction proceedings which would lose their summary nature, and plainly violate Regina's four-year interrelated rule, including the four-year record-retention rule" (Id.). The overcharge statute of limitations, lookback period and document retention provisions of former CPLR 213-a are what petitioner describes as the "four year interrelated rule." Petitioner, respondent asserts, seeks to apply the restrictions governing allegations of rent overcharge to instances in which they have no application, in this case to alter petitioner's prima facie burden. Petitioner's burden of proof exists independent of any overcharge claim that may be asserted, and its burden would be no different even if the answer did not raise overcharge, but merely included a denial of the allegation that the Apartment has been deregulated. Respondent's burden of proof and the limitations imposed by former CPLR 213-a bear no connection whatsoever to petitioner's burden to establish its prima facie case. The sufficiency of petitioner's proof is evaluated independently of any counterclaim interposed since petitioner, in the first instance, is obliged to establish its prima facie case before the court reaches any defense. Here, petitioner points to no rule diminishing its burden.
Entirely independent of any overcharge defense or counterclaim, where, as here, the issue of regulatory status has been contested, petitioner bears the burden of proving by a preponderance of the evidence that the Apartment has been deregulated. Where a tenant puts "into issue the rent regulatory status of their apartment, it was landlord's burden to prove at trial its allegation that the apartment was not rent regulated" (124 Meserole, LLC v Recko, 55 Misc 3d 146(A) [App Term 2d. 11th and 13 Jud Dists 2017]). While the four-year statute of limitations of former CPLR 213-a is applicable to this proceeding as the "law in effect at the time the overcharges" are alleged to have occurred (Regina Metropolitan Co. LLC v New York State Div. of Hous. and Community Renewal, 35 NY2d 332, 386 [2020]), "[e]vents beyond the four-year statute of limitations may be considered to determine whether the apartment is regulated" (AIMCO 322 East 61st Street, LLC v Brosius, 50 Misc 3d 10, 12 [App Term 1st Dept 2015]), because "[a] tenant should be able to challenge the deregulated status of an apartment at any time during the tenancy. Indeed, courts have uniformly held that landlords must prove the change in an apartment's status from rent stabilized to unregulated even beyond the four-year statute of limitations for rent overcharge claims" (Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [1st Dept 2011], app. withdrawn 18 NY3d 954 [2012]). The passage of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) did not alter this requirement (Widsam Realty v Joyner, 66 Misc 3d 132(A) [App Term 1st Dept 2019]).
While petitioner asserts that it has met its burden, the only testimony presented at trial was that of a witness who readily admitted that he had not seen the Apartment prior to renovations that he asserted had occurred, was not present during the alleged renovations, and offered only speculation as to the nature and extent of the renovations to support a claim of individual apartment improvement (former 9 NYCRR 2522.4) that would allow for deregulation. Petitioner offered no documentation of any increase — no bills, contracts, invoices or statements. The only documentation produced was a certified copy of DHCR records.
While sufficient to establish registration having been filed with the DHCR, the document is not probative of the veracity of its content. The document expressly states the following:
"Advisory note: This document merely reports the statements made by the owner in the registration(s) filed by such owner, and does not reflect changes in rent occurring after April 1st of each year. DHCR does not attest to the truthfulness of the owner's statements or the legality of [*4]the rents reported in this document."
No witness with personal knowledge testified to the veracity of the assertions, and petitioner produced no documentary evidence to support the allegations put forth in the petition.
Under CPLR 4401, '[a]ny party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of evidence presented by an opposing party with respect to such cause of action or issue." The standard for such a motion is clear — "[a] trial court should grant a motion pursuant to CPLR 4401 for judgment as a matter of law if there is no rational process by which the jury could find in favor or the nonmoving party upon the evidence presented" (Carp v Dunn, 53 AD3d 467 [2d Dept 2008]).
The documents produced and the testimony of a witness with no personal knowledge of any individual apartment improvement, alleged to have occurred well before his affiliation with petitioner cannot, by any rational process, be found to establish by the evidence presented that the Apartment has been deregulated due to high rent deregulation as the petition alleges. Petitioner has not met its burden.
Proof of the regulatory status is an element of petitioner's prima facie case. Petitioner has failed to credibly sustain its burden and the petition is therefore dismissed. Petitioner's motion (NYSCEF Doc. No. 258) and petitioner's order to show cause (NYSCEF Doc. No. 268) are denied as moot. The parties are directed to contact Part Q as to trial on respondent's counterclaim.
This is the decision and order of the court.
Brooklyn, New York
March 19, 2024
David A. Harris, J.H.C.